**Candace L. BENTLEY, Plaintiff,**

v.

**William F. BOLGER, Postmaster General, United States Postal Service, Defendant.**

No. 83–3270.

United States District Court,
C.D. Illinois,
Springfield Division.

April 16, 1986.

Mary Lee Leahy, Springfield, Ill., for plaintiff.

James A. Lewis, Asst. U.S. Atty., Springfield, Ill., for defendant.

## ORDER

MILLS, District Judge:

A squabble over attorney's fees.

Employment discrimination suit.

Offer of judgment.

The Plaintiff moves this Court to enter judgment in her favor on parts (1) and (2) and to strike part (3) of the Defendant's offer of judgment. Fed.R.Civ.P. 68. The

Plaintiff also asks the Court to impose sanctions on the Defendant, the Postmaster General of the United States, and/or his attorney, for filing an allegedly improper offer of judgment. Fed.R.Civ.P. 11.

The underlying complaint alleges a violation of Title VII of the Civil Rights Act of 1964. 42 U.S.C. §§ 2000a–2000h. The complaint charges that the United States Postal Service improperly discriminated against the Plaintiff, a black female postal employee, by placing her on "restricted sick leave" and by making the record of her absences due to illness a part of her personnel file. These actions purportedly reduced the Plaintiff's available vacation time and barred her advancement within the postal service. Similarly situated white male employees, she contends, received different treatment. This alleged disparate treatment constitutes the basis of the Plaintiff's claim. 42 U.S.C. § 2000e–16(a).

To remedy her alleged wrongs, the Plaintiff seeks a declaration that her civil rights have been violated, an order restoring her lost vacation days and clarifying her personal record, and an award of reasonable attorney's fees.

The Postal Service has denied the Plaintiff's allegations or the legal conclusions drawn therefrom and has insisted that the Plaintiff received the same treatment accorded all employees with excessive absences due to illness.

The Plaintiff filed her complaint in September of 1983. A period of discovery followed, in the midst of which, on July 26, 1984, the Plaintiff proposed a settlement that would expunge from the Plaintiff's personnel file any reference to "restricted sick leave" and convert two (2) days of sick leave to two (2) days of annual leave (thus restoring previously deducted vacation time). On August 7, 1984, the Defendant, by letter from counsel to the Plaintiff's attorney, accepted these terms. Three days later, however, the Defendant's attorney again wrote the Plaintiff's attorney to make clear that the settlement did not include reimbursement of any attorney's fees.

The Defendant subsequently moved to enforce the settlement agreement as it understood the agreement, that is, without any provision for attorney's fees. The Plaintiff countered with her own motion to enforce the settlement, including an award of attorney's fees, on the ground that attorney's fees were—and as a matter of law had to be—attendant upon any settlement of a suit brought pursuant to the nation's civil rights statutes.

A protacted battle of briefs ensued.

The rather unseemly spectacle of attorneys squabbling over fees after all of the parties' substantive claims have been resolved paused only momentarily when the United States Magistrate, and on appeal, this Court (per the Honorable Harold A. Baker) determined that the misunderstanding on the issue of fees precluded the formation of a settlement contract. *Bentley v. Bolger*, mem. order (C.D.Ill. Nov. 1, 1985).

The ruling on the settlement discussions did not, however, lay the question of attorney's fees to rest. By undated letter received by the Plaintiff's attorney on November 18, 1985, the Defendant made a formal Offer of Judgment as prescribed in Fed.R.Civ.P. 68. The offer of judgment simply restated the voided settlement agreement as the Defendant understood the agreement: (1) removal of references to "restrictive sick leave" in the Plaintiff's personal file; (2) conversion of two days sick leave to two days of annual leave; and (3) payment of court costs "but not any attorney's fee." (Undated Letter from AUSA James A. Lewis to Attorney Cheryl Redfield Jansen.)

The Plaintiff responded to the Defendant's offer with a motion to accept parts (1) and (2) but to reject part (3), the proscription of attorneys' fees, on the ground that the United States Supreme Court's decision in *Marek v. Chesny*, —— U.S. ——, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985), prohibited offers of judgment on civil rights complaints that do not contain a provision for attorneys' fees.

After receiving the Plaintiff's response, the Defendant's attorney determined that the failure to provide for attorneys' fees necessarily voided the entire offer. The Plaintiff now points to this determination by the Defendant as evidence of the Defendant's bad faith for which sanctions should enter. The Plaintiff does not, however, agree that the offer should be voided; rather, she seeks enforcement of those portions of the offer which she has purported to accept.

## I. *Plaintiff's Motion for Sanctions*

 The Plaintiff urges this Court to find that the Defendant's attorney tendered an invalid Offer of Judgment in the face of established law and that the subsequent withdrawal of the offer manifests the Defendant's bad faith for which sanctions should be imposed. Federal Rule of Civil Procedure 11 does require that:

> Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney ... The signature of an attorney ... constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation ...

The facts of this case do not, however, suggest any ethical impropriety on the part of the Defendant or its attorney. Contrary to the Plaintiff's contentions, the Court finds that in civil rights litigation, an Offer of Judgment that proscribes attorney's fees is not *per se* invalid. While *some* attorney's fees *may* be warranted in this particular case, the exclusion of attorney's fees in the Defendant's offer of judgment does not demonstrate bad faith or "improper purpose." Fed.R.Civ.P. 11. The Defendant tendered an incorrect Offer of Judgment, but the error was understanda-

ble in light of the particular posture of this case and the recent activity in the decisional law which has sent unsettling waves through a heretofore placid backwater of federal procedure. See *Boorstein v. City of New York*, 107 F.R.D. 31, 35 (S.D.N.Y. 1985).

## II. *Validity of the Offer of Judgment*

The Federal Rules of Civil Procedure authorize:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued ...

Fed.R.Civ.P. 68. "The plain purpose of Rule 68 is to encourage settlement and avoid litigation." *Marek v. Chesny*, —— U.S. ——, 105 S.Ct. 3012, 3015, 87 L.Ed.2d 1 (1985). To accomplish its goal the rule imposes "costs" on a party who receives through litigation an award no greater than what the party rejected in settlement. "The Rule prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits." *Id.* 105 S.Ct. at 3015.

A valid offer of judgment must bind the offeror to relinquish "money or property or the effect specified ... with costs." "Costs," the United States Supreme Court has recently concluded, must be expressly or implicitly included in any valid offer: "[I]t is immaterial whether the offer recites that costs are included, whether it specifies the amount the defendant is allowing for costs, or for that matter whether it refers to costs at all. As long as the offer does not implicitly or explicitly provide that the judgment *not* include costs, a timely offer will be valid." *Marek*, 105 S.Ct. at 3016 (emphasis in original).

The case at bar represents a somewhat novel situation not fully anticipated by the *Marek* decision. Here, the Defendant has made an offer which specifically includes costs, yet limits costs to "court costs, but

not any attorney fee." The offer is—strictly speaking—within the parameters delineated by *Marek;* "costs" are expressly included. But one potential component of costs, attorney's fees, is expressly excluded or set at naught.

In *Marek,* attorney's fees were expressly made a part of the Offer of Judgment. The high court validated an offer for a single lump sum comprising damages and attorney's fees. It proceeded to impose court costs as well as the plaintiff's own attorney's fees for trial on a plaintiff who, while successful at trial, had nonetheless recovered in damages a sum less than had been tendered, *in toto,* in the Offer of Judgment. The *Marek* court construed an Offer of Judgment made in the course of litigation arising under 42 U.S.C. § 1983 and its attorney's fees provision. 42 U.S.C. § 1988. This cause of action accrues under Title VII, 42 U.S.C. § 2000e–2000h, and its relevant attorney's fees subsection, 42 U.S.C. § 2000e–5(k). The two statutes are kindred; an interpretation of one informs the other. See, *e.g., Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed. 295 (1975).

The provision for attorney's fees in both statutes are virtually identical:

> In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs ...

42 U.S.C. § 2000e–5(k).[1] In construing similar language in § 1988, *Marek* expressly requires that "attorney's fees ... be included in costs for the purposes of Rule 68." *Marek,* 105 S.Ct. at 3017.

■ *Marek* holds that a valid Offer of Judgment must include a provision for costs and that those costs must include a provision for attorney's fees, but it leaves open the question of the adequacy of those provisions. After *Marek* there can be no doubt that "the term 'costs' in rule 68 was

intended to refer to all costs *properly available* under the relevant substantive statute or authority." *Id.* at 3017 (emphasis added). Those costs or attorney's fees "properly available" under 42 U.S.C. § 2000e–5(k) are "reasonable" fees as determined in the Court's "discretion." See, *e.g., Waters v. Wisconsin Steel Works of International Harvester,* 502 F.2d 1309, 1322 (7th Cir.1974), *cert. denied,* 425 U.S. 997, 96 S.Ct. 2214, 48 L.Ed.2d 823 (1976). A valid Offer of Judgment in response to a Title VII claim must either explicitly or implicitly encompass a provision for costs, including attorney's fees that are reasonable under the circumstances.

■ The reasonableness of the attorney's fees provision in an Offer of Judgment is to be determined by the recipient of the offer in the first instance and, should the offerree object to the offer, ultimately by the trial court in the exercise of its duty to construe and enforce the rules of civil procedure, Fed.R.Civ.P. 1, as well as its obligation to monitor the reasonableness of attorney's fees awards made pursuant to 42 U.S.C. § 2000e–5(k). See *Boorstein v. City of New York,* 107 F.R.D. 31 (S.D.N.Y. 1985) (validating an offer of judgment); *Waters v. Heublein, Inc.,* 485 F.Supp. 110 (N.D.Cal.1979) (validating an offer of judgment); *Scheriff v. Beck,* 452 F.Supp. 1254 (D.Col.1978) (invalidating an offer for failure to include appropriate attorney's fees).

■ In the present instance the Plaintiff challenges the validity of the Defendant's Offer of Judgment on the ground that the provision for attorney's fees is inadequate or, in the language of *Marek,* that the offer does not include an allocation for the attorney's fees "properly available."

In determining the propriety of the Plaintiff's refusal to pay any attorney's fees in its Offer of Judgment, the Court notes first that the Offer has the same effect as a settlement and that a plaintiff in a civil

---

1. The relevant passage in 42 U.S.C. § 1988 reads:

 > In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 ... the court, in its discretion may allow the prevailing party ... a reasonable attorney's fee as part of the costs.

rights action which settles is considered to have prevailed. See *Maher v. Gagne*, 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed. 653 (1980) (settlement of suit brought under 42 U.S.C. § 1983). Prevailing plaintiffs in civil rights actions should generally receive attorney's fees absent a showing of special circumstances. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 416, 98 S.Ct. 694, 697, 54 L.Ed.2d 648 (1978); *Albemark Paper Co. v. Moody*, 422 U.S. 405, 415, 95 S.Ct. 2362, 2370, 45 L.Ed.2d 280 (1975). Such awards are in keeping with the remedial nature of the civil rights statutes. *Marek*, 105 S.Ct. at 3017. However, circumstances may indicate that an award of attorney's fees should not be granted. See, *e.g., Sprogis v. United Airlines, Inc.*, 517 F.2d 387, 390–91 (7th Cir.1975) (the suit was of limited precedential value and was not of the type envisioned by Congress in enacting the underlying legislation; the claim for fees was disproportionate to the recovery, and the Plaintiff was not the real party in interest). In such circumstances, attorney's fees would not be "properly available" for inclusion in an Offer of Judgment.

The case at bar presents a situation in which attorney's fees might not be "properly available" and thus might well be excluded from a valid offer of judgment. This case has no merit as precedent. The value of the recovery sought—correction of a personnel file and reclassification of two vacation days—would exceed only the most nominal attorney's fee.

Indeed, the services rendered by Plaintiff's attorney for the *Plaintiff*'s benefit are essentially overwhelmed in this record. Long after the Defendant has agreed to the relief the Plaintiff seeks this suit has taken on a life of its own! The attorneys squabble over fees while the parties whose interests they are sworn to represent are told to wait patiently.

Nonetheless, the fact that the Defendant has offered to the Plaintiff the relief that

she seeks indicates that the Plaintiff's counsel has rendered some modicum of service. While the value may be slight, it is not negligible and is thus "properly available." A valid Offer of Judgment in the cause may not expressly eschew attorney's fees. The Defendant's offer was, therefore, invalid.

■ Having determined that the Defendant placed before the Plaintiff an invalid Offer of Judgment, the Court next considers whether the Plaintiff may accept only that portion of the Offer which was valid.[2] The Plaintiff urges the Court to reform the offer by operation of law so as to imply that attorney's fees be awarded in an amount to be determined at the Court's discretion. Such a construction would contradict the Defendant's clear intent and would impose on the Defendant unexpected costs. More generally, the proposition that a court may reconstitute Offers of Judgment would seriously discourage defendants from making such offers by exposing defendants to the risks of liability not contemplated in their offers. *See Marek*, 105 S.Ct. at 3016. The better rule is to void an invalid offer in its entirety.

For the same reason but from a different perspective, the Court cannot countenance the Plaintiff's argument that she be allowed to accept those valid portions of the Offer which meet her approval. The courts have generally adopted without formally considering the proposition that an acceptance of an Offer of Judgment pursuant to Rule 68 must be unconditional. Cf. *Pigeaud v. McLaren*, 699 F.2d 401, 402 (7th Cir.1983) (modification of an offer rejected by trial court and the offer subsequently accepted unconditionally). An Offer of Judgment is in the nature of an offer to contract for settlement, and the requirement that an acceptance mirror an offer is fundamental to the Law of Contract. *E.g., Iselin v. United States*, 271 U.S. 136, 46 S.Ct. 458, 70 L.Ed. 872 (1925). The rule is well applied to Offers of Judgment. The

---

**2.** The Court notes that the Plaintiff's partial acceptance was made within the ten (10) day period provided by the rule. Fed.R.Civ.P. 68.

Plaintiff's partial acceptance is no acceptance at all.

Having made an invalid offer, the Defendant has now withdrawn its Offer of Judgment. "An offer not accepted shall be deemed withdrawn ..." Fed.R.Civ.P. 68. This offer has not been and cannot be accepted and is, therefore, properly withdrawn. The Defendant may certainly do what would otherwise be done by operation of law.

■ An offer withdrawn at the Defendant's own request should not bind the Plaintiff to the consequences of rejecting an offer. Where no bad faith can be demonstrated in proposing an invalid Offer of Judgment, the legal sanctions attendant upon Rule 68 Offers of Judgment should be avoided, and the parties should return to settlement negotiations unencumbered by past procedural difficulties.

### Summary

The Plaintiff's motion for sanctions is DENIED. The Defendant's invalid Offer of Judgment cannot be accepted and has been withdrawn. The invalidity of the offer and the attempt at partial acceptance shall have no operative effect.