[No. 28484-3-I. Division One. May 11, 1992.]

KRISTEN HODGE, *Respondent,* v. DEVELOPMENT SERVICES OF AMERICA, ET AL, *Appellants.*

---

*James M. Shaker, Richard P. Lentini,* and *Ryan, Swanson & Cleveland,* for appellants.

*William R. Hickman, Marilee C. Erickson,* and *Reed McClure,* for respondent.

FORREST, J. — Development Services of America (DSA) appeals the award of attorneys' fees to plaintiff Hodge, claiming the offer of judgment included any liability for attorneys' fees as part of the statutory "costs". We reverse and remand.

In November of 1988 DSA terminated Hodge's employment as a property manager. Hodge alleges that she performed her job well, but was terminated because she was pregnant. On July 8, 1989, Hodge filed a lawsuit alleging sex discrimination and breach of implied contract.

On January 28, 1991, DSA served Hodge with an offer of judgment which stated:

> Pursuant to Civil Rule 68, defendants hereby offer to allow judgment to be taken against them in this action in the amount of Six Thousand and No/100 Dollars ($6,000.00). This offer shall include all costs and expenses.
> These defendants expressly deny liability and state that this Offer of Judgment is for purposes of settlement only.

Within 10 days Hodge filed a notice of acceptance and presentation of judgment which included a notice that Hodge would apply for an award of attorneys' fees. The pertinent language of this notice follows:

> PLEASE TAKE NOTICE that Plaintiff Kristen Hodge hereby accepts, defendants Development Services of America and Thomas Stewart's January 28, 1991 Offer of Judgment in the amount of $6,000, which amount shall include costs, and expenses accrued to date, but shall not include plaintiff's actual attorneys' fees as pled by plaintiff in her complaint and as provided by the Washington Law Against Discrimination, RCW 49.60.030, and the Washington Labor Statute, RCW 49-.48.030.

Hodge's request for fees was set for hearing, at which time DSA objected. The court ruled that Hodge was entitled to attorneys' fees and awarded Hodge $26,469.50 in addition to the $6,000 offer of judgment.

# I
## ARE ATTORNEYS' FEES PART OF CR 68 "COSTS"?

In *Marek v. Chesny*[1] the Supreme Court considered whether "costs" under the federal offer of judgment rule, Federal Rule of Civil Procedure 68 (FRCP), included attorneys' fees recoverable under the federal antidiscrimination act. The Court held:

> all costs properly awardable in an action are to be considered within the scope of Rule 68 "costs." Thus, absent congressional expressions to the contrary, where the underlying statute defines "costs" to include attorney's fees, we are satisfied such fees are to be included as costs for purposes of Rule 68.
>
> Here, respondent sued under 42 U. S. C. § 1983. Pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, 90 Stat. 2641, as amended, 42 U. S. C. § 1988, a prevailing party in a § 1983 action may be awarded attorney's fees "as part of the costs." Since Congress expressly included attorney's fees as "costs" available to a plaintiff in a § 1983 suit, such fees are subject to the cost-shifting provision of Rule 68.

(Citations omitted.) *Marek*, 473 U.S. at 9. FRCP 68 and CR 68 are identical so far as the issue in this case is concerned. We also find no significant difference between the language of the federal statute providing for attorneys' fees "as part of the costs", 42 U.S.C. § 1988, and "the cost of suit including a reasonable attorney's fees" in RCW 49.60.030(2).

 Hodge argues that although the two rules are the same, Washington law has established that "costs" do not include attorneys' fees, citing *Sims v. KIRO, Inc.*[2] and *Fiorito v. Goerig.*[3] We disagree. *Sims* was a defamation case that did not involve a statute providing for attorneys' fees at all, much less one defining costs as including attorneys' fees. Not surprisingly the court denied defendant's request

---

[1] 473 U.S. 1, 87 L. Ed. 2d 1, 105 S. Ct. 3012 (1985).

[2] 20 Wn. App. 229, 580 P.2d 642, *review denied*, 91 Wn.2d 1007 (1978), *cert. denied*, 441 U.S. 945 (1979).

[3] 27 Wn.2d 615, 179 P.2d 316 (1947).

of attorneys' fees when the plaintiff failed to better the defendant's CR 68 offer. The court held:

> In the event [CR 68] is to be expanded to include attorney's fees and expert witness fees as "costs," it should be expanded by statute or by amendment.

*Sims*, 20 Wn. App. at 238.

Likewise, in *Fiorito* the court denied attorneys' fees incident to a partnership dissolution action holding that under the facts of the case neither attorneys' fees nor accountants' fees were "costs". The court stated:

> Costs are allowances to a party for the expense incurred in prosecuting or defending a suit, and the word "costs," in the *absence of statute* or agreement, does not include counsel fees . . ..

(Italics ours.) *Fiorito*, 27 Wn.2d at 619. Far from holding that costs may never include attorneys' fees, both cases strongly suggest that statutory provisions could produce the opposite result. That is precisely what RCW 49.60.030(2) does.

In the absence of state authority it is appropriate to look to the federal interpretation of the equivalent rule. We agree with the *Marek* holding that "costs" may or may not include attorneys' fees depending on the underlying statute in question. A good example is RCW 4.84.250 which reads in part: "there shall be taxed and allowed to the prevailing party as a part of the costs of the action a reasonable amount to be fixed by the court as attorneys' fees." Not surprisingly in *Mackey v. American Fashion Inst. Corp.*,[4] the court awarded attorneys' fees to a successful defendant pursuant to the statute.

Dissenting in *Marek v. Chesny, supra,* Justice Brennan argued that it was an undesirable result that relatively small differences in the language of the underlying statute should cause a different outcome as to whether FRCP 68 "costs" include attorneys' fees.[5] Leaving aside the question as to whether the differences are small, the compelling

---

[4]60 Wn. App. 426, 804 P.2d 642 (1991).

[5]*Marek*, at 23-24 (Brennan, J., dissenting).

answer to this argument is that by relying on the underlying statute the court places the ultimate responsibility to make the decision where it should be — on the Legislature. There is inevitably a tension between the policy of FRCP 68 as interpreted in *Marek* to promote settlements by limiting plaintiff's attorneys' fees on the one hand, and the policy of many civil rights and consumer protection statutes to facilitate, indeed, to encourage enforcement litigation. As has frequently been expressed, a successful civil rights case not only vindicates the rights of the individual but also serves a broader purpose to eliminate discrimination in society.[6] It is for the Legislature to strike the proper balance between these competing values. If a court's interpretation of the attorneys' fees provision of an underlying statute is not in accord with legislative policy, the Legislature may easily correct it by making the appropriate change in the statute.[7] We find no merit in Hodge's contention that the Legislature may not define recoverable costs to include attorneys' fees as "costs" in a CR 68 offer.

## II

■■ Turning to the facts of this case, DSA was entitled to make a CR 68 offer which would include attorneys' fees. While the offer was not explicit as to attorneys' fees, Hodge had no difficulty in recognizing a possible problem. Her "acceptance" was unequivocally conditioned on her receiving attorneys' fees in addition to the $6,000 offer. Settlements are a form of contract and proceedings under CR 68 are

---

[6] "[E]nforcement of this State's antidiscrimination laws depends in large measure on employees' willingness to come forth and file charges or testify in discrimination cases. Plaintiffs bringing discrimination cases assume the 'role of "a private attorney general," vindicating a policy "of the highest priority" ' ". *Allison v. Housing Auth.*, 118 Wn.2d 79, 86, 821 P.2d 34 (1991) (quoting *Fahn v. Cowlitz Cy.*, 95 Wn.2d 679, 684, 628 P.2d 813 (1981)).

[7] In *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 65 L. Ed. 2d 488, 100 S. Ct. 2455 (1980), the Supreme Court held that attorneys' fees were not defined as part of "costs" under 28 U.S.C. § 1927. Following that decision Congress amended the section to expressly include attorneys' fees. *See Marek*, at 16 n.6 (Brennan, J., dissenting).

essentially contractual in nature.[8] In contract terms Hodge's "acceptance" amounted to a counteroffer and a rejection of DSA's offer. Although the record is not altogether clear as to the position of the trial court and the parties in view of the lack of agreement, we find no adequate basis to hold that DSA ever agreed to a settlement of $6,000 plus attorneys' fees. Apparently the trial court ruled that as a matter of law "costs" may not include attorneys' fees; accordingly, DSA was bound to a $6,000 offer with the attorneys' fees to be awarded by the court. This was error. However, contrary to DSA's assertion, there is also absolutely no legal basis for the trial court or this court to ignore the explicit language of Hodge's acceptance and hold Hodge to a total recovery of $6,000.

In *Radecki v. Amoco Oil Co.*[9] the court held that where the plaintiff's acceptance did not mirror the offer it was not valid. The court concluded, however, that neither party should be bound by the offer given the unusual circumstances of the case and the plaintiff's apparent uncertainty regarding his acceptance. The court remanded for the case to proceed as if the offer had not been presented. Likewise, under the circumstances in this case, we find the proper remedy is to hold the offer and the acceptance to be of no effect and remand for the case to proceed.[10]

## III
### ATTORNEYS' FEES PURSUANT TO RCW 49.48.030

Hodge brought her action on the basis of RCW 49.48.030 (wage statute) as well as RCW 49.60.030 (antidiscrimination statute). Her response to the CR 68 offer explicitly asserted her rights to attorneys' fees under both statutes.

---

[8]*See Erdman v. Cochise Cy., Ariz.,* 926 F.2d 877 (9th Cir. 1991); *Radecki v. Amoco Oil Co.,* 858 F.2d 397 (8th Cir. 1988); *Bentley v. Bolger,* 110 F.R.D. 108 (C.D. Ill. 1986).

[9]858 F.2d 397 (8th Cir. 1988).

[10]Because the meaning of CR 68 costs has been unclear in Washington law, we hold that DSA's offer is not a rejected offer for the purposes of future proceeding in this case.

■ DSA argued that since Hodge's claim was for loss of future wages, rather than for wages already earned, she was not entitled to attorneys' fees under RCW 49.48. We disagree. Since this case was argued, the Washington Supreme Court has held to the contrary in *Gaglidari v. Denny's Restaurants, Inc.*[11] The court there upheld the trial court's award of attorneys' fees under RCW 49.48.030 to a plaintiff who recovered "front wages", wages she would have received if she had not been improperly discharged as distinct from the typical award of back wages. Hodge would also be entitled to attorneys' fees for any "front wages" recovered.

■ DSA further asserts that RCW 49.48.030 does not state whether attorneys' fees are considered "costs".[12] However, that is precisely the dispositive point of *Marek*. In the absence of a statutory definition, including attorneys' fees as part of "costs", *Sims* and *Fiorito* state the correct rule: without statutory provisions, costs do not include attorneys' fees.

In an action pursuant only to RCW 49.48, CR 68 does not authorize an offer to include attorneys' fees. Here, the action is based on two statutes that both allow an award of attorneys' fees, but one statute includes attorneys' fees as costs (RCW 49.60.030) and one statute does not include attorneys' fees as costs (RCW 49.48.030). The court, where appropriate, would make an allocation between the work attributable to the respective causes of action and award fees only for that part of the litigation required by RCW 49.48.[13] For example, in this case if, following the rejection of a CR 68 offer including attorneys' fees pursuant to RCW 49.48.030, Hodge at trial recovers wages pursuant to RCW

---

[11]117 Wn.2d 426, 815 P.2d 1362 (1991).

[12]RCW 49.48.030 is a separate section providing for attorneys' fees but containing no reference to costs.

[13]*Travis v. Washington Horse Breeders Ass'n, Inc.*, 111 Wn.2d 396, 410, 759 P.2d 418 (1988); *Pearson v. Schubach*, 52 Wn. App. 716, 723, 763 P.2d 834 (1988), *review denied*, 112 Wn.2d 1008 (1989).

49.48 but fails to improve on the offer, she would not be entitled to attorneys' fees pursuant to RCW 49.60 but would pursuant to RCW 49.48.

However, since we hold that DSA's offer was not accepted, we do not remand for this purpose.

## IV
### STATEMENT OF ATTORNEYS' FEES IN CR 68 OFFER

*The purpose of CR 68 is to promote fair settlements.* This is best accomplished by eliminating uncertainty and any possible unintended consequences for either party in connection with the making, accepting, or rejecting of CR 68 offers.

*Marek* does not require that a CR 68 offer specify that the "costs" include attorneys' fees. The court allows that result to flow as a matter of law from the terms of the underlying statute. However, as this case shows, the failure to do so may create uncertainty as to the exact meaning of the offer and could indeed be a trap for an unwary plaintiff.

Accordingly, it would be prudent practice and we strongly recommend that where a defendant intends that his offer shall include any attorneys' fees provided for in the underlying statute he expressly so state. His offer should say, "costs including attorneys' fees" or words to that effect. A defendant knows what he intends and fair dealing requires that he manifest that intention to the other party. If the underlying statute is unclear, such an offer will at least make the defendant's interpretation clear. This is a slight burden and it is fairly placed on the defendant who is seeking to terminate his liability for attorneys' fees at the time of settlement.

We vacate the judgment and reverse the award of attorneys' fees. We remand the matter for further proceedings consistent with this opinion.

SCHOLFIELD and KENNEDY, JJ., concur.