[No. 29798-8-I.   Division One.   May 10, 1993.]

WILLIAM DUSSAULT, *as Guardian ad Litem, Respondent,* v. SEATTLE PUBLIC SCHOOLS, *Appellant.*

*Jacquelyn Beatty, Craig P. Campbell, Lisa Oman,* and *Karr Tuttle Campbell,* for appellant.

*Paul W. Whelan* and *Schroeter, Goldmark & Bender P.S.,* for respondent.

PEKELIS, A.C.J. — This case arises out of a personal injury action brought against the Seattle Public Schools (the District) by the guardian ad litem for Sarah Hodson, a minor. The critical issue raised on appeal is whether the trial court erred in determining that Hodson's acceptance of the District's CR 68 offer of judgment was valid. We affirm.

I

On October 8, 1985, 6-year-old Sarah Hodson, a kindergarten student at Van Asselt Elementary School, went home in a Metro transit system bus. After being dropped off at her preassigned stop, Sarah was struck by a car and severely injured.

The Hodsons filed a negligence action against the District, the Municipality of Metropolitan Seattle (Metro), and the driver of the car, Kathleen Poalucci, and her husband. William Dussault was subsequently appointed as Sarah's guardian ad litem, and the Hodsons dropped their individual claims.

Trial was set for November 4, 1991. Eleven days before trial, on October 24, 1991, the District served Hodson's counsel with an offer of judgment pursuant to CR 68 and RCW 4.84.280. On November 4, 1991, the day of trial, Hodson served a written acceptance of the offer. The District objected to the purported acceptance, claiming that Hodson had previously rejected the offer and that the purported acceptance

was, in any event, untimely. The trial court filed the offer and acceptance and subsequently entered judgment in favor of Hodson in accordance with the terms of the offer. The trial court also entered written findings of fact which describe both the factual background of the parties' dispute and the trial court's resolution of the issues presented therein. The pertinent findings of fact are as follows:

II.

The parties agreed to engage in nonbinding mediation and retained David A. Rotman of the firm Gregorio, Haldeman, Piazza, a firm which specializes in providing mediation services.

III.

All parties engaged in formal mediation with Mr. Rotman on October 15, 1991. Settlements were reached between the plaintiff and the defendants Metro and Poalucci. On October 28, 1991, this Court determined those settlements were reasonable.

IV.

During and subsequent to mediation proceedings of October 15, 1991, the mediator continued to contact the plaintiff and the defendant Seattle Public Schools in an effort to promote settlement.

V.

On October 24, 1991, the defendant Seattle Public Schools served an Offer of Settlement on plaintiff's counsel pursuant to Civil Rule 68 and RCW 4.84.280. The offer reads as follows: "Pursuant to CR 68 and RCW 4.84.280, the defendant Seattle Public Schools offer to allow judgment to be taken against them in the amount of $65,001." The defendant, Seattle Public Schools, selected when and whether to serve the Offer of Judgment on plaintiff's counsel.

VI.

The plaintiff never rejected the Offer of Judgment. The attorneys for the plaintiff never rejected the Offer of Judgment on behalf of the plaintiff. The plaintiff's counsel never authorized the mediator to reject the Offer of Judgment.

VII.

The plaintiff and the Seattle Public School District both prepared for trial and at the same time pursued a parallel track of ongoing mediation in an attempt to settle the case. Within that ongoing mediation process, which continued through Friday, November 1, 1991, a counteroffer was communicated to the School District by the mediator, including a $135,000 counteroffer, and the mediator communicated to the School District that the plaintiff was rejecting its prior offer of $65,001. The

defendant's counsel . . . asked the mediator to put the rejection of the Offer of $65,001 in writing, but this was not done. This mediation effort was done outside the framework of Civil Rule 68 and was part of a separate process underway in order to avoid trial and stimulate settlement. Civil Rule 68 serves important purposes in the administration of justice including the avoidance of litigation and the encouragement of settlement. It would be inconsistent with those purposes to rule that a mediator's rejection of the School District offer and submission of counteroffers by the plaintiff in a separate mediation process constituted a rejection of the Offer of Judgment under Civil Rule 68.

## VIII.

On Monday, November 4, 1991, the parties appeared for trial as scheduled at 9 a.m. . . . [T]he Court ruled on several Motions in Limine. The jury venire was brought into the courtroom and jury selection commenced. The Court recessed at noon. . . .

## IX.

When the parties reported to the courtroom at 1:30 p.m. the plaintiff's counsel served the Court and the School District with a document entitled "Acceptance of Offer of Judgment" which read as follows:

Pursuant to CR 68 and RCW 4.84.280, the plaintiff William Dussault, as guardian ad litem of Sarah S. Hodson, hereby accepts the Offer of Judgment of defendant Seattle Public Schools of $65,001.00 and requests that the Court enter judgment accordingly.

## X.

Defendant objected to the entry of judgment on the grounds that the offer had been explicitly rejected by the mediator acting on behalf of the plaintiff, and that the offer had been implicitly rejected as a result of the $135,000 counteroffer. Defendant also objected on the grounds that the acceptance was not timely because it was not served prior to the commencement of trial.

## XI.

This acceptance of the Offer of Judgment by plaintiff constitutes an unconditional acceptance of the very terms of the Offer of Judgment made under CR 68 and was performed within the 10-day time limit set by CR 68. The tenth day after the service of the Offer of Judgment was on Sunday, November 3, 1991. Pursuant to CR 6, the following Monday, November 4th was the 10th day. Therefore, plaintiff's acceptance of the Offer of Judgment was timely served.

From these findings of fact, the trial court concluded that the District's CR 68 offer of judgment was irrevocable and

that Hodson's acceptance occurred within the 10-day time limit set forth in the rule. It also concluded that Hodson's acceptance was valid even though it occurred after jury selection.

## II

Although the District raises numerous assignments of error on appeal, our resolution of this case turns on the trial court's entry of judgment pursuant to CR 68.[1] The dispositive issue is whether Hodson's counteroffer operated as a rejection which precluded her later acceptance of the District's offer of judgment.

CR 68 provides in relevant part:

> *At any time more than 10 days before the trial begins,* a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. *If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted,* either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the court shall enter judgment. An offer not accepted shall be deemed withdrawn . . . .. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. . . .

(Italics ours.)[2]

CR 68 clearly is intended to encourage settlements and avoid lengthy litigation. Under the rule, a defendant's offer

---

[1] We do not address the District's challenge to the denial of its motions for summary judgment. Denial of a summary judgment motion is not an appealable order under RAP 2.2(a). *Douchette v. Bethel Sch. Dist. 403*, 117 Wn.2d 805, 808, 818 P.2d 1362 (1991). Discretionary review may be granted where the trial court "has committed an obvious error which would render further proceedings useless", RAP 2.3(b)(1), or to avoid a useless trial, *Hartley v. State*, 103 Wn.2d 768, 774, 698 P.2d 77 (1985). Because neither of these circumstances is present here, however, we decline to grant review.

[2] The District's offer of judgment was also made pursuant to RCW 4.84.280, which provides:

"Offers of settlement shall be served on the adverse party in the manner prescribed by applicable court rules at least ten days prior to trial. . . . Offers of settlement shall not be filed or communicated to the trier of the fact until after judgment, at which time a copy of said offer settlement shall be filed for the purposes of determining attorneys' fees as set forth in RCW 4.84.250."

of judgment must be served more than 10 days before trial commences. The plaintiff's acceptance must be in writing and served and filed within 10 days of the offer's making. If the defendant's offer is not accepted, it "shall be deemed withdrawn". In addition, if the plaintiff later fails to obtain a more favorable judgment, the plaintiff must pay the defendant's costs from the time of the offer.

Despite its detailed procedures for offer and acceptance, CR 68 does not directly address the question presented here: whether Hodson's counteroffer precluded her later acceptance of the District's offer of judgment within the 10-day period. The District contends that it did, citing the general rule of contract law, that a counteroffer terminates the power to accept the previously made offer. *See, e.g.*, 1 A. Corbin, *Contracts* § 90 (1963).

■ This contention is unpersuasive. While we have stated that "proceedings under CR 68 are essentially contractual in nature", *Hodge v. Development Servs. of Am.*, 65 Wn. App. 576, 581-82, 828 P.2d 1175 (1992), general contract principles should be applied to CR 68 only where such principles neither conflict with the rule nor defeat its purpose. Here, application of the general rule concerning counteroffers would both conflict with the express provision of CR 68 and defeat its clear purpose.

■ First, the language of CR 68 strongly indicates that a plaintiff's counteroffer has no impact on an offer of judgment. The second sentence plainly states that if the offer is accepted at any time "within 10 days" of its making, "the court *shall* enter judgment." (Italics ours.) CR 68. As a general principle of construction, the use of the word "shall" is presumed to be mandatory. *Clark v. Pacificorp*, 118 Wn.2d 167, 176, 822 P.2d 162 (1991). Furthermore, while CR 68 details precisely how and when offers are to be made and accepted, no mention is made of the effect of counteroffers. Under the maxim of expressio unius est exclusio alterius, *only* the passage of 10 days may cut off the offer.

Second, the process of settlement is encouraged when an offer of judgment remains open for the entire 10-day period,

regardless of whether the plaintiff makes a counteroffer or even rejects the offer outright. CR 68 achieves a delicate balance: the defendant enjoys the prospect of an award of fees if the offer is not accepted and the trial result is no higher than its offer. The plaintiff on the other hand has up to 10 days to accept the offer or risk that the result will be more favorable than the offer and go to trial. As the facts here demonstrate, Hodson ultimately concluded that it was wiser to accept the District's offer than seek a larger judgment through litigation. Thus, the framework of CR 68 permitted the parties to avoid a lengthy and costly trial.[3]

Finally, we note that a rule that a counteroffer has no effect on the viability of a CR 68 offer of judgment comports with the related and widely held position in other jurisdictions that, once served, offers of judgment are irrevocable and cannot be withdrawn. *See Mallory v. Eyrich*, 922 F.2d 1273 (6th Cir. 1991); *Greenwood v. Stevenson*, 88 F.R.D. 225 (D.R.I. 1980); *Rules v. Sturn*, 661 P.2d 615 (Alaska 1983); *Smith v. Kentucky State Fair Bd.*, 816 S.W.2d 911 (Ky. Ct. App.), *review denied* (Ky. Nov. 14, 1991). *See also* 7 J. Moore, *Federal Practice* ¶ 68.05 (2d ed. 1991) (and cases cited therein); 12 C. Wright & A. Miller, *Federal Practice* § 3004 (1973). Moreover, this rule does not contradict our recent decision in *Hodge*, 65 Wn. App. at 581-82. *Hodge* merely stands for the proposition that there can be no "acceptance" under CR 68 where the terms of acceptance differ from those of the offer. *Hodge*, at 582.

Accordingly, we hold that an offer of judgment under CR 68 remains open during the entire 10-day period, regardless of whether the plaintiff makes a counteroffer or purports to reject it.[4] The judgment entered by the trial court is affirmed.

---

[3]The District relies on *Glende Motor Co. v. Superior Court*, 159 Cal. App. 3d 389, 205 Cal. Rptr. 682 (1984) extensively in which a California court of appeals held that a counteroffer precluded later acceptance of an offer of judgment under that State's statutory analogue to CR 68. We disagree with the holding in *Glende* and note that the California Supreme Court was equally unconvinced, expressly overruling *Glende* in *Poster v. Southern Cal. Rapid Transit Dist.*, 52 Cal. 3d 266, 801 P.2d 1072, 276 Cal. Rptr. 321 (1990).

[4]The District cites no authority for its alternative claim that the offer of judgment expired because the last day for acceptance was also the first day of trial. Furthermore, the fact that the last day for acceptance of the offer of judgment

We deny Hodson's request for attorney fees under RAP 18.1. The issue here was one of first impression and is not frivolous.

GROSSE and FORREST, JJ., concur.

Reconsideration denied June 23, 1993.

Review denied at 123 Wn.2d 1005 (1994).

coincided with the first day of trial was a foreseeable consequence of the operation of CR 6 on the District's offer made just 11 days before trial.