[No. 15048-8-III. Division Three. January 21, 1997.]

SUELLEN J. BIERCE, ET AL., *Appellants*, v. CHARLES GRUBBS, ET AL., *Defendants*, SAFECO INSURANCE COMPANY, *Respondent*.

*David M. Grant* and *Deglow & Grant,* for appellants.

*Timothy M. Durkin, Lisette F. Carter,* and *Evans, Craven & Lackie, P.S.;* and *Buddy Paul, Christopher J. Wright* and *Huppin Ewing Anderson & Paul, P.S.,* for respondent.

Munson, J.* — Suellen Bierce and her husband accepted an offer of judgment for all their claims, including damages for which Bierces' insurer, Safeco, had made personal injury protection (PIP) payments. We are asked to decide whether Safeco is entitled to reimbursement out of the settlement fund without evidence or a finding that the Bierces had been fully compensated. An insurer's subrogation rights are not extinguished by a settlement and release between its insured and a tortfeasor. The insurer may seek reimbursement from its insured only if the insured has been fully compensated. *Leader Nat'l Ins. Co. v. Torres,* 113 Wn.2d 366, 373, 779 P.2d 722 (1989).

Ms. Bierce was injured in a car accident in July 1990. Ms. Bierce was insured by Safeco. The driver of the other vehicle, Charles Grubbs, was insured by Liberty Northwest. Safeco paid Ms. Bierce about $14,200 under the PIP provisions of her policy. Liberty paid Ms. Bierce an additional $15,071 for lost wages, property damage, and some medical expenses. In October 1991, Safeco wrote letters to Ms. Bierce's attorney and to Liberty, advising them of its

---

*Judge Ray E. Munson was a member of the Court of Appeals at the time the oral argument was heard on this matter. He is now serving as a judge pro tempore of the court pursuant to RCW 2.06.150.

subrogation interest and intent to seek reimbursement of the PIP advances. Liberty declined to pay Safeco and the dispute between the insurers was scheduled for arbitration in the summer of 1995.

In December 1992, Ms. Bierce commenced a lawsuit against Mr. Grubbs, seeking damages for medical expenses as well as lost wages, pain and suffering. The matter was set for trial in October 1994. Shortly before trial, Liberty made a $70,000 offer of judgment "on all claims."[1] On October 7, Safeco's own attorney wrote a letter to Mr. Grubbs' attorney reiterating Safeco's position that it was entitled to pursue its subrogation interest through arbitration regardless of whether the offer of judgment was construed to include the subrogation claim. The Bierces' attorney prepared an "Affidavit and Acceptance of Offer of Judgment" purporting to accept the offer but reserving Safeco's right to pursue its subrogation claim. The Grubbses' attorney responded with a letter indicating the intent of the offer of judgment was to include the $15,071 already advanced by Liberty, $14,200 to reimburse Safeco, and the balance as additional damages to the Bierces.

The Bierces moved for an order requiring the Grubbses to pay the balance of the $70,000 offer, excepting only the $15,071 previously advanced by Liberty, directly to the

---

[1]CR 68 states:

"At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the court shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer. When the liability of one party to another has been determined by verdict or order or judgment, but the amount or extent of the liability remains to be determined by further proceedings, the party adjudged liable may make an offer of judgment, which shall have the same effect as an offer made before trial if it is served within a reasonable time not less than 10 days prior to the commencement of hearings to determine the amount or extent of liability."

Bierces. The trial court ruled the offer of judgment was intended to satisfy all claims, including Safeco's subrogation claim, and that Safeco was entitled to recover only after proving the Bierces have been fully compensated. The parties were unable to agree on an order to implement the court's ruling.

In June 1995, the Grubbses filed a complaint joining Safeco as a third party defendant, alleging the offer of settlement included Safeco's subrogation claim and seeking a release of that claim as part of the judgment. Safeco moved for a stay, asserting its contractual right to arbitrate the subrogation claim with Liberty. Following a hearing in July 1995, the court entered an order requiring the payment to Safeco of its subrogation claim in the amount of $14,166.80 and payment of the balance of the $70,000 judgment, minus Liberty's $15,071, to the Bierces, and dismissing the case. The Bierces appealed.

The Bierces contend Safeco should be permitted to pursue its subrogation claim against the tortfeasor and is not entitled to any of the funds paid by the Grubbses or Liberty pursuant to the offer of judgment.

When a tortfeasor is aware of an insurer's subrogated interest, the insurer does not consent to the settlement, and the settlement does not exhaust the tortfeasor's assets, the release between the insured and the tortfeasor does not extinguish the insurer's subrogation rights. *Leader*, 113 Wn.2d 366. The insurer may proceed against its insured, but because its subrogation rights have not been prejudiced by the settlement, its right of reimbursement arises only after the insured has been fully compensated. *Leader*, 113 Wn.2d at 373. But if the insurer pursues a subrogation action against the tortfeasor, compensation received by the insured is not affected: "The settlement between the insured and the tortfeasor was a compromise and represents what the case was worth to the insured without having to endure a trial." *Leader*, 113 Wn.2d at 373.

Under *Leader*, Safeco could proceed against the Bierces

for reimbursement only after showing they had been fully compensated; Safeco should be allowed to pursue its subrogation action against the Grubbses.

The Grubbses argue *Leader* is inapplicable because payment in the present case is not pursuant to a settlement. The evident purpose of both *Leader* and the offer of judgment rule, CR 68, is to promote settlements and avoid litigation. *Viking Ins. Co. v. Nelson*, 81 Wn. App. 539, 544, 914 P.2d 1215 (1996); *Dussault v. Seattle Pub. Schs.*, 69 Wn. App. 728, 732, 850 P.2d 581 (1993), *review denied*, 123 Wn.2d 1004 (1994). It is eminently reasonable to apply the rule in *Leader* to a settlement procured by a CR 68 offer of judgment.

The Grubbses also argue *Leader* is inapplicable because, unlike the insured in *Leader*, the Bierces sought compensation from the Grubbses for expenses for which their insurer had already paid. *Leader* recognizes the possibility that the subrogation action against the tortfeasor may result in duplicate recovery, but this risk is justified by the desirability of fully compensating injured parties. *Leader*, 113 Wn.2d at 373; *Viking*, 81 Wn. App. at 544.

Safeco has never sought reimbursement from the Bierces, and there has been no evidentiary finding that the Bierces were fully compensated by payment of the judgment. The trial court erred in requiring the Bierces to reimburse Safeco out of the settlement funds.

The Bierces contend Safeco should be required to pay its pro rata share of their attorney fees if it is reimbursed out of the settlement fund. The issue was not raised in the trial court and will not be considered. RAP 2.5.

The Bierces also argue that if they prevail on appeal they should recover their attorney fees, citing *Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991). *Olympic* permits an insured to recover attorney fees incurred because its insurer refuses to defend or refuses to pay a claim of the insured. Here, there was no duty to defend and Safeco did not refuse to pay the Bierces' PIP claims. *Olympic* provides no basis for the Bierces to recoup their attorney fees.

Safeco and the Grubbses both request an award of attorney fees, contending this appeal is frivolous. Before and during the proceedings in the trial court, Safeco took the position this case fell under the rule announced in *Leader*, but, on appeal, argues *Leader* is inapplicable. Thus the central issue on appeal, the applicability of *Leader*, is a matter of genuine dispute among the parties. The appeal is not frivolous. The request for attorney fees is denied.

The order requiring payment to Safeco out of the settlement fund is reversed.

SWEENEY, C.J., and THOMPSON, J., concur.