**Christopher FELDHACKER, Plaintiff,**

v.

**GIOVANTI HOMES, LLC; MRD, L.L.C.; and Michael Demaris, Defendants.**

No. 4:15-cv-00169-JEG

United States District Court, S.D. Iowa, Central Division.

Signed May 31, 2016

David Wayne Nelmark, Christine E. Bestor Townsend, Belin McCormick, P.C., Des Moines, IA, for Plaintiff.

Bradley M. Beaman, David N. May, Mitchell Garrett Nass, Bradshaw Fowler Proctor & Fairgrave, P.C., Matthew Sease,

Kemp & Sease, Des Moines, IA, for Defendants.

## ORDER

JAMES E. GRITZNER, Senior Judge
United States District Court

Before the Court is a Motion to Set Aside Judgment pursuant to Federal Rule of Civil Procedure 60(b) filed by Defendant Giovanti Homes, LLC (Giovanti Homes). The Court conducted a hearing on the motion on April 27, 2016. Attorney David Nelmark was present on behalf of Plaintiff Christopher Feldhacker. Attorneys Bradley M. Beaman and Mitch Nass were present on behalf of Defendant Giovanti Homes. Attorney Matthew Sease was present on behalf of Defendants MRD, L.L.C. and Michael DeMaris (DeMaris/MRD). The matter is fully submitted and ready for disposition.

## I. BACKGROUND

On March 23, 2016, the Court entered an order granting Defendants' Motion for Partial Dismissal and dismissing Feldhacker's claims for statutory damages and for emotional distress. ECF No. 38. On April 13, 2016, Feldhacker filed a document captioned, "Acceptance of Defendant's Rule 68 Offer of Judgment." ECF No. 40. The document states:

1. Plaintiff accepts Giovanti Homes' Offer of Judgment in the amount of $5,000 as his monetary damages.

2. Giovanti Homes' Rule 68 Offer of Judgment states, "The Offer of Judgment is not an admission of liability."

3. " 'Plaintiffs who accept Rule 68 offers accept the *money*, not the defendants' self-serving characterizations.' " Ash v. Malacko, 2014 WL 4384475, Case No. 14–0590 (D.Minn. Sept. 4, 2014) (quoting Fletcher v. City of Fort Wayne, 162 F.3d 975, 977 (7th Cir. 1998)) (emphasis in original) (rejecting the defendant's argument that,

"This offer is not to be construed as an admission that the Defendants are liable in this action ...").

4. *Plaintiff expressly does not waive any rights he has in the copyrighted work at issue in this litigation.*

5. A copy of Defendant Giovanti Homes, LLC's Offer of Judgment is attached hereto as Exhibit 1.

WHEREFORE, Plaintiff requests that the Clerk of Court enter a Judgment in this matter against Defendant Giovanti Homes, LLC and for Plaintiff in the amount of $5,000.

Not. Accept. Def.'s Rule 68 Offer of J., ECF No. 40 (second emphasis added).

Attached as Exhibit 1 to the Notice was "Defendant Giovanti Homes, LLC's Offer of Judgment," which states:

COMES NOW Defendant, Giovanti Homes, LLC, and hereby submits an Offer of Judgment. The Offer of Judgment should be considered an offer of judgment in the lump sum amount of $5,000, which figure expressly includes costs now accrued (including any legally available attorney fees) pursuant to Rule 68 of the *Federal Rules of Civil Procedure*. The amount offered above ($5,000) is the total amount Defendant will pay to Plaintiff if the Offer of Judgment is accepted and covers each category of damages Defendant is potentially liable for, including monetary damages, costs, attorney fees, and non-monetary relief. The Offer of Judgment does not include any monetary relief above $5,000 and does not include any non-monetary relief, such as injunctive relief. The Offer of Judgment is not an admission of liability. *This offer is made for the purposes of a full and complete settlement of Plaintiff's claims against this Defendant, and upon acceptance will extinguish any liability Defendant has or could have to Plaintiff and will extin-*

*guish all rights Plaintiff claims he has or could have against Defendant, including for any and all monetary and non-monetary relief.*

Def.'s Offer-Ex. 1 to Not. Accept. Def.'s Rule 68 Offer J., ECF No. 40-1 (emphasis added).

On April 13, 2016, the Clerk of Court entered Judgment indicating that the "[c]ase [wa]s dismissed in favor of the plaintiff and against the *defendants.*" J., ECF No. 41 (emphasis added).

On April 19, 2016, Giovanti Homes filed the present motion requesting judgment be set aside because (1) the judgment entered dismissed the case in its entirety even though there were pending counterclaims against Feldhacker and cross claims against DeMaris; (2) the judgment entered included DeMaris who did not make an offer of judgment; and (3) Feldhacker did not accept the terms of the Rule 68 Offer of Judgment made by Giovanti Homes.

In response to the motion, Feldhacker agrees that Judgment erroneously disposed of Feldhacker's claims against DeMaris/MRD and cross claims between Giovanti Homes and DeMaris/MRD. Feldhacker argues that the acceptance of Giovanti Homes' Offer of Judgment, and therefore the Judgment, allows Feldhacker to pursue claims against Giovanti Homes for subsequent infringement of the Naples Plan. For these reasons, Feldhacker asserts Judgment should be amended only to the extent Feldhacker's claims against DeMaris/MRD and cross claims between Giovanti Homes and DeMaris/MRD are reinstated and should be enforced in all other regards.

DeMaris/MRD responded to the motion similarly agreeing that Judgment erroneously disposed of Feldhacker's claims against DeMaris/MRD and cross claims between Giovanti Homes and DeMaris/MRD. In its brief, DeMaris/MRD indicated it took no position regarding wheth-

er Feldhacker accepted Giovanti Homes' Rule 68 Offer. At the motion hearing, however, DeMaris/MRD clarified its position that Judgment should also be set aside to the extent it allows Feldhacker to pursue claims against Giovanti Homes for subsequent use of the Naples Plan explaining that should Feldhacker bring any claims against Giovanti Homes for future use of the Naples Plan, DeMaris/MRD would likewise be brought into the litigation.

## II. DISCUSSION

### A. Standard for the Motion

Rule 60(b) states:

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The Eighth Circuit has reasoned that while Rule 60(b) motions

"are disfavored, we also recognize that they serve a useful, proper and necessary purpose in maintaining the integrity of the trial process, and a trial court will be reversed where an abuse of discretion occurs." MIF Realty L.P. v. Rochester Assocs., 92 F.3d 752, 755 (8th Cir.1996) (citation and quotation marks omitted). "Rule 60(b) is to be given a liberal construction so as to do substantial justice and 'to prevent the judgment from becoming a vehicle of injustice.'" United States v. Lee, 811 F.3d 272, 274 (8th Cir.2015) (quoting MIF Realty, 92 F.3d at 755 (quoting Rosebud Sioux Tribe v. A & P Steel, Inc., 733 F.2d 509, 515 (8th Cir.1984))).

At the outset of the motion hearing, the Court acknowledged that the Clerk of Court erred by entering judgment disposing of the case in its entirety. There is no dispute that, at a minimum, the judgment must be modified, the case reopened, and Feldhacker's claims against DeMaris/MRD and cross claims between Giovanti Homes and DeMaris/MRD reinstated. The only issue remaining is whether, or to what extent, judgment should be entered based upon the "Acceptance of Defendant's Rule 68 Offer of Judgment" filed by Feldhacker.

## B. Rule 68 Offer of Judgment

■ Giovanti Homes asserts that it served Feldhacker with a Rule 68 Offer of Judgment for $5000 in an attempt to end Feldhacker's Naples Plan-based litigation against Giovanti Homes but that Feldhacker's purported acceptance negated the terms of that offer by including in the Notice of Acceptance the statement: "Plaintiff expressly does not waive any rights he has in the copyrighted work at issue in this litigation." Giovanti Homes' Mot. Vacate J. 2, ECF No. 42. Giovanti Homes argues the Judgment entered in this case must be set aside as there was no acceptance. Feldhacker counters that "[t]he statement that 'Plaintiff expressly does not waive any rights he has in the

copyrighted work at issue in this litigation,' does not change the terms of Giovanti's Offer." Pl.'s Resp. 3, ECF No. 46 (quoting Not. Accept. Def.'s Rule 68 Offer of J., ECF No. 40).

■ "Rule 68 allows a defendant to make an offer to a plaintiff whereby, upon acceptance, judgment will be taken against the defendant for a specified sum with costs then accrued." Radecki v. Amoco Oil Co., 858 F.2d 397, 399 (8th Cir.1988) (citation and quotation marks omitted). "To decide whether there has been a valid offer and acceptance for purposes of Rule 68, courts apply the principles of contract law." Id. at 400.

> Under basic contract law principles, for an offer and acceptance to create a binding agreement there must be an objective manifestation of mutual assent, i.e., what is often referred to (somewhat misleadingly) as a "meeting of the minds," see 1 A. Corbin, Corbin on Contracts § 107, at 478-79 (1963); this principle applies to Rule 68 offers and acceptances.

Id.

As in the Eighth Circuit case of Radecki v. Amoco Oil, "[t]he primary issue here is whether [the plaintiff] accepted [the defendant]'s Rule 68 offer of judgment." Id. at 400. The Radecki case involved a franchise agreement dispute between Radecki and Amoco. Id. at 398. As trial approached, the parties conducted settlement negotiations; Amoco offered Radecki $600,000 and non-cash considerations to settle, while Radecki demanded $675,000 and non-cash consideration to settle the case. Id. at 398–99. Importantly, both parties understood the amounts offered and demanded were to cover all Amoco's potential liability, including for costs and attorney fees. Id. at 399. The negotiations ended without the parties reaching an agreement. Id. Days later, however, Amoco presented Radecki

with a Rule 68 Offer of Judgment that stated: "Amoco Oil Company, hereby offers to allow judgment [to] be taken against it in the amount of $525,000.00, including costs now accrued." Id. (alteration in original). The next day, Amoco presented Radecki with a second offer of judgment that differed from the first in that it explicitly stated that the offer was inclusive of attorney fees. Id. Counsel for Amoco spoke with counsel for Radecki and clarified that the second offer was to clarify the first offer was tendered with the understanding that it was inclusive of attorney fees. Id. Several days later, Radecki filed and acceptance of judgment—allegedly accepting the offer of judgment—along with a motion for attorney and expert witness fees. Id. The district court determined Radecki's purported acceptance of the offer was effective and that the $525,000 did not subsume attorney fees. Id. Judgment was entered in favor of Radecki in the amount of $525,000 and the district court awarded Radecki an additional $229,887.29 in attorney fees. Id.

The Eighth Circuit reversed on appeal. Applying contract principles of offer and acceptance, the court concluded,

> Radecki's purported acceptance does not sufficiently reflect Amoco's offer and therefore does not amount to an acceptance. While attempting to accept Amoco's offer, Radecki simultaneously [sic] filed a motion for attorney fees. Clearly, Radecki intended to accept an offer for $525,000 that was not inclusive of attorney fees, which is an offer Amoco had not extended. The materially different intent of the parties as manifiested [sic] in their actions shows there was no mutual assent, and hence no binding agreement.

Id. at 403.

Similarly here, Feldhacker's Notice of Acceptance of Defendant's Rule 68 Offer of Judgment demonstrates that mutual as-sent between the parties was lacking. The Offer of Judgment, in relevant part, states:

> This offer is made for the purposes of a full and complete settlement of Plaintiff[']s claims against this Defendant, and *upon acceptance will extinguish any liability Defendant has or could have to Plaintiff and will extinguish all rights Plaintiff claims he has or could have against Defendant*, including for any and all monetary and non-monetary relief.

Def.'s Offer-Ex. 1 to Not. Accept. Def.'s Rule 68 Offer J., ECF No. 40-1 (emphasis added). It is axiomatic the inclusion of the phrase "or could have" was intended to resolve future controversy. The Notice of Acceptance Feldhacker filed, however, qualifies that "Plaintiff expressly does not waive any rights he has in the copyrighted work at issue in this litigation." Not. Accept. Def.'s Rule 68 Offer of J., ECF No. 40. For a binding agreement to have been created "there must have been an objective manifestation of mutual assent," that is, "the acceptance must 'mirror' the offer." Radecki, 858 F.2d at 403 (quoting Bentley v. Bolger, 110 F.R.D. 108, 113 (C.D.Ill.1986) ("An Offer of Judgment is in the nature of an offer to contract for settlement, and the requirement that an acceptance mirror an offer is fundamental to the Law of Contract.")). Feldhacker did not accept the terms of the offer as written but instead added terms. As such, the document submitted to the Court entitled "Notice of Acceptance of Defendant's Rule 68 Offer of Judgment" is, at best, a counteroffer. Compare id. (holding the offer of judgment was ambiguous but because the mutual assent necessary to form an enforceable agreement was absent, no acceptance of the offer was tendered), and Wagner v. City of Omaha, No. 8:12CV392, 2013 WL 6492814, at *3 (D.Neb. Dec. 10, 2013) (denying entry of judgment on plaintiff's purported acceptance of the defendant's

Rule 68 offer of judgment concluding, "Plaintiff made a counteroffer, which included terms that did not exist in the offer," and thus "[t]he terms did not mirror any of the possible offers made by the defendants"), with Hennessy v. Daniels Law Office, 270 F.3d 551, 553–54 (8th Cir. 2001) (holding that an enforceable agreement was formed because the plaintiff simply accepted the defendant's Rule 68 offer of judgment "without question or qualification, just as it was written"). Because Feldhacker's purported acceptance of Giovanti Homes' Rule 68 Offer of Judgment significantly modified that offer and did not accept it as written, there was no mutual assent or meeting of the minds, and thus no binding agreement. If Feldhacker and Giovanti Homes wish to settle their claims against one another in this litigation, they will have to do so afresh.

## III. CONCLUSION

For the reasons stated, Giovanti Homes' Motion to Set Aside the Judgment, ECF No. 42, must be **granted**. Judgment entered by the Clerk of Court on April 13, 2016, ECF No. 41, is hereby **vacated in its entirety**.

**IT IS SO ORDERED.**