IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| ROBERT W. CRITCHLOW, individually and d/b/a CRITCHLOW LAW OFFICE, | ) ) ) | No. 33038-9-III |
| Appellant, | ) ) | |
| v. | ) ) | OPINION PUBLISHED IN PART |
| DEX MEDIA WEST, INC., a foreign corporation, | ) ) ) | |
| Respondent. | ) ) ) | |

FEARING, J. — Following the acceptance and filing of an offer of judgment from

Dex Media West, Inc. (Dex), plaintiff Robert Critchlow failed to appear for two

scheduled hearings, and a newly assigned trial court judge dismissed Critchlow's case

with prejudice. Critchlow appeals the dismissal and an earlier judge's recusal. We

reverse the trial court's dismissal of the complaint and direct judgment to be entered in

favor of Critchlow for the sum stated in the offer of judgment. In the unpublished portion

of the opinion, we remand to the trial court for imposition of lesser sanctions against Critchlow for his failure to appear at the hearings.

## FACTS

The underlying facts bear little importance on appeal. Robert Critchlow, a Spokane attorney, contracted with Dex to create a website, publish advertising in a telephone book, deliver Internet service, and provide phone service that included usage tracking. Without Critchlow's knowledge, Dex recorded all his phone calls. One who called Critchlow heard a message from Dex informing him or her of the call being recorded.

## PROCEDURE

On July 11, 2014, Robert Critchlow sued Dex, in Spokane County Superior Court, for common law and statutory privacy violations, misrepresentation of services, and violation of the Washington Consumer Protection Act, chapter 19.86 RCW. On July 11, the superior court presiding judge entered an order that scheduled a case status conference for October 10 and assigned Critchlow's case to Judge Annette Plese. The order commanded the parties: "to attend a Case Status Conference before your assigned judge on the date also noted above." Clerk's Papers (CP) at 7.

On July 15, 2014, Judge Plese opted to recuse herself, and she signed an order of recusal. Judge Plese identified no reason for the disqualification. Robert Critchlow

2

denies receiving a copy of the recusal order then. On July 16, the presiding judge appointed another superior court judge, Judge Michael Price, to preside over Critchlow's suit. Judge Price thereafter entered all further orders.

On September 25, 2014, Dex sent Robert Critchlow a CR 68 offer of judgment for $5,000, which amount was to include any reasonable attorney fees and costs incurred to date. On October 2, Critchlow recorded an acceptance of Dex's offer.

The status conference remained scheduled for October 10, 2014. On October 8, Dex sent Robert Critchlow a copy of the recusal order and the order of preassignment. Critchlow immediately sent a letter to Judge Plese objecting to her recusal, the case's reassignment to another judge, and the lack of notice. In the letter, Critchlow stated that he would not attend the October 10 status conference, and he requested a response to his letter or a hearing to address his protestation.

Neither Robert Critchlow nor one of his attorneys appeared at the October 10 status hearing. The superior court thus issued an order to show cause as to why the complaint should not be dismissed. The order stated, "If the plaintiff and defendant, or an attorney on their behalf, does not appear before this court on [November 7, 2014, at 8:30 a.m.], this matter will be dismissed." CP at 22. Robert Critchlow and his counsel deny receiving a copy of the order to show cause.

On October 17, 2014, Dex informed Robert Critchlow that Judge Price entered an

3

order to show cause. Dex also attached a proposed judgment and requested a W-9 tax form from Critchlow so that Dex could issue him a check. On October 20, Critchlow filed a formal objection to Judge Plese's recusal. On October 21, Judge Plese sent a letter responding to Critchlow's objection and informing him that the recusal stood.

On November 7, 2014, neither Robert Critchlow nor his counsel appeared at the show cause hearing, and the trial court dismissed his case with prejudice. On November 19, Alan McNeil, one of Critchlow's attorneys, wrote a letter to the trial court:

> At Mr. Critchlow's request, due to his unavailability, I appeared at your courtroom for what I had been told was a status hearing set for November 7, 2014 at 8:30 AM. No one was at your courtroom when I arrived and the door was locked.
> . . . I did in fact attempt to appear on behalf of plaintiff.
> . . . I believe the only thing remaining to do on this case is to formally enter the judgment. Plaintiff sent defendant a draft of a proposed judgment; but, apparently defendant has some qualms about the language of plaintiff's proposed Judgment.

Ex. 3, App. A (additional evidence brought in by commissioner's ruling of June 1, 2015).

On December 3, 2014, Dex's counsel wrote to the court:

> I attended the November 7, 2014 8:30 a.m. show cause hearing arriving in your courtroom at approximately 8:15 a.m. In your absence, Ashley, one of your courtroom clerks noted that Mr. Critchlow was not present and waited until 8:45 a.m. to allow Mr. Critchlow plenty of time to arrive. At 8:50 a.m., Ashely [sic] walked into the entry hallway outside your courtroom and called out Mr. Critchlow's name. Neither Mr. Critchlow, Mr. McNeil nor Mr. Lee answered, as none were present in or outside of your courtroom which was open and unlocked.
> . . . Between 9:00 a.m. and 9:10 a.m., I observed Mr. McNeil walking down the third floor hallway. I watched him to determine whether

4

> I needed to return to your courtroom. He did not enter your courtroom at that time.
>
> An Offer of Judgment was filed by Defendant with this court on September 25, 2014. An Acceptance was filed by Plaintiff on October 2, 2014. The Defendant did not agree to the language in the Judgment and proposed a revised Judgment which was ignored by Mr. Critchlow along with the request that he provide an executed W-9. Neither the judgment nor the W-9 have been forthcoming.

Ex. 3, App. B.

## LAW AND ANALYSIS

### Recusal

Robert Critchlow contends that Judge Annette Plese erred by recusing herself on her own motion. He argues that (1) the judge needed to afford each party an opportunity to object before the disqualification, and (2) the judge needed to disclose a reason for the recusal. We decline to address whether Judge Plese held the power to disqualify herself without presenting a reason and without earlier notice to the parties. Because we hold that the offer of judgment ends the litigation and because Robert Critchlow does not argue that he would have rejected the offer of judgment if Judge Plese continued to preside over the suit, our resolution of this assignment of error lacks no practical import on the outcome of the suit. Principles of judicial restraint dictate that if resolution of another issue effectively disposes of a case, we should resolve the case on that basis without reaching the first issue presented. *Wash. State Farm Bureau Fed'n v. Gregoire,*

5

162 Wn.2d 284, 307, 174 P.3d 1142 (2007); *Hayden v. Mut. of Enumclaw Ins. Co.*, 141 Wn.2d 55, 68, 1 P.3d 1167 (2000).

Offer of Judgment

Robert Critchlow next assigns error to the trial court's dismissal of his case with prejudice. Critchlow argues that, due to his acceptance of the CR 68 offer of judgment, the court held a ministerial duty to enter a judgment. Critchlow also argues that the trial court erred by dismissing his suit without finding prejudice to Dex and without first reviewing whether a lesser sanction would address his failures to appear. We first address whether a judgment should be entered as a result of Dex's offer of judgment and Critchlow's acceptance of the offer. We hold that a judgment should be entered. We later address whether sanctions other than dismissal should be entered.

CR 68 governs offers of judgment and provides, in pertinent part:

> [A] party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the defending party's offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the court shall enter judgment.

Robert Critchlow relies on the command that "the court shall enter judgment" to argue that simply filing the offer and acceptance of offer, pursuant to CR 68, imposes a ministerial duty on the court to enter a judgment. Dex contends that the trial court may

not enter a judgment because Robert Critchlow and it had not yet agreed on the form or content of the judgment. We agree with Critchlow.

We know from experience that parties continue to discuss the format of an agreement after having reached an agreement, with or without a precipitating formal offer of judgment. Sometimes a defendant even demands terms inserted into a final written document, which terms the parties never earlier discussed or placed in writing. This additional dickering does not preclude an enforceable agreement or the entering of a judgment after an offer of judgment. Rather than insisting on additional terms after the acceptance of the offer, the defense should incorporate all terms in the offer of judgment.

CR 68 sets forth a procedure for defendants to offer to settle cases before trial. *Lietz v. Hansen Law Offices, PSC*, 166 Wn. App. 571, 581, 271 P.3d 899 (2012). The rule aims to encourage parties to reach settlement agreements and to avoid lengthy litigation. *Dussault v. Seattle Pub. Sch.*, 69 Wn. App. 728, 732, 850 P.2d 581 (1993). A Rule 68 offer is not simply an offer of settlement, but an offer that judgment can be entered on specified terms. *Real Estate Pros, PC v. Byars*, 2004 Wy 2, 90 P.3d 110, 113 (Wyo. 2004). If the offer is accepted, the court automatically enters judgment in favor of the offeree. *Real Estate Pros, PC v. Byars*, 2004 Wy 2, 90 P.3d at 113.

When interpreting a CR 68 offer of judgment, we look at the parties' objective manifestations for contract formation, not their unexpressed subjective intentions to later

7

add other terms to the offer. *Wash. Greensview Apartment Assocs. v. Travelers Prop. Cas. Co. of Am.*, 173 Wn. App. at 679; *Lietz v. Hansen Law Offices, PSC,* 166 Wn. App. at 587. In *Washington Greensview Apartment Associates*, Travelers attempted to argue that the parties never reached mutual assent because they did not reach an agreement with regard to reasonable attorney fees and costs. The court still enforced the terms stated in the offer of judgment.

CR 68 does not hint of the need or even possibility of the parties to continue to negotiate terms of the settlement or the form of a judgment. Instead, the rule imposes an obligation on the trial court to enter a judgment for the amount offered. Thus, we direct the trial court to enter an unadorned judgment in favor of Robert Critchlow against Dex in the amount of $5,000 without any costs or attorney fees awarded.

We issue no ruling on whether Robert Critchlow or one of his attorneys must submit a W-9 form or the ramifications of any failure to timely tender the form. The need for such a form is a question otherwise controlled by federal tax law and not a subject to be inserted into the judgment in favor of Critchlow. If need be, the parties may litigate the need for a W-9 form by a motion after the filing of the judgment.

## Attorney Fees

Robert Critchlow requests attorney fees under the Washington Consumer Protection Act (CPA), chapter 19.86 RCW. RCW 19.86.090 allows a prevailing party on

a consumer protection claim to recover reasonable attorney fees. Critchlow, however, waived any recovery of reasonable attorney fees when accepting the offer of judgment that expressly excluded any such recovery.

Washington's CR 68 is virtually identical to Federal Rule of Civil Procedure 68. *Lietz v. Hansen Law Offices, PSC*, 166 Wn. App. at 580 (2012). Thus, in the absence of controlling state authority, Washington courts look to federal interpretations of the equivalent rule. *Johnson v. Dep't of Transp.*, 177 Wn. App. 684, 692 n.5, 313 P.3d 1197 (2013), *review denied*, 179 Wn.2d 1025 (2014); *Lietz*, 166 Wn. App. at 580; *Hodge v. Dev. Servs. of Am.*, 65 Wn. App. 576, 580, 828 P.2d 1175 (1992). Consistent with its purpose of promoting settlements, CR 68 allows defendants to make lump-sum offers that are inclusive of attorney fees. *Radecki v. Amoco Oil Co.*, 858 F.2d 397, 401 (8th Cir. 1988). When the offer of judgment reads that the offered amount includes all reasonable attorney fees and costs, the plaintiff may not recover reasonable attorney fees and costs, beyond the offered amount, even if a statute affords recovery for fees and costs. *Wilson v. Nomura Sec. Int'l, Inc.*, 361 F.3d 86, 90 (2d Cir. 2004).

The offeror of a judgment is the master of its offer. A defendant, if it wishes, deserves the opportunity to avoid payment of an indeterminate amount of attorney fees by offering a lump sum in total. The offeree is the master of his acceptance of an offer of judgment. The offeree remains at liberty to reject the offer if he desires payment of an

9

additional sum for reasonable attorney fees. Robert Critchlow chose to accept Dex's

offer of judgment that did not afford additional recovery for fees.

We note that CR 68 directs that the offer of judgment be for "money or

property. . . with costs then accrued." Therefore, the rule may require the offeror to pay

court costs to the offeree despite the language of the offer. We render no ruling on this

issue, since Robert Critchlow does not advance this contention. This court does not

review issues not argued, briefed, or supported with citation to authority. RAP 10.3(a);

*Valente v. Bailey*, 74 Wn.2d 857, 858, 447 P.2d 589 (1968); *Avellaneda v. State*, 167 Wn.

App. 474, 485 n.5, 273 P.3d 477 (2012).

We vacate the trial court's dismissal of Robert Critchlow's complaint. We remand

for entry of judgment in favor of Robert Critchlow against Dex in the sum of $5,000 and

for entry of such sanctions, if any, other than dismissal, that the court deems appropriate

for Robert Critchlow's violation of the court order to show cause.

The remainder of this opinion has no precedential value. Therefore, it will be filed

for public record in accordance with RCW 2.06.040, the rules governing unpublished

opinions.

Sanctions

Robert Critchlow next contends that the trial court lacked discretion to dismiss the

case, because once he filed the CR 68 offer and acceptance, the trial court had a

ministerial duty to enter the judgment. Our ruling on the enforcement of the offer of judgment compels our adoption of the argument. Absent an enforceable judgment, we would otherwise remand the case to the trial court to address whether Dex suffered prejudice as a result of Mr. Critchow's failure to attend the hearings and whether a lesser sanction is more appropriate. A trial court exercising its authority to dismiss a case for violation of court orders and rules must explicitly find that a party's failure to comply was willful and prejudiced the opposing party. *Woodhead v. Disc. Waterbeds, Inc.*, 78 Wn. App. 125, 131-32, 896 P.2d 66 (1995).

The trial court had yet to enter a judgment by the day of the status conference. Robert Critchlow needed to obey the court order to appear both at the status conference and the show cause hearing, despite having accepted an offer of judgment. We thus remand for the entry of appropriate sanctions short of dismissal of the case.

We note that Robert Critchlow objected to the recusal of Judge Annette Plese and Judge Michael Price will preside upon remand. Therefore, Robert Critchlow could claim prejudice resulting from our failure to address the recusal of Judge Plese. We remand anyway to the second assigned judge since the failure to appear before Judge Price cannot be excused by demanding another judge. Regardless of whether Critchlow had a pending objection to the first judge's recusal, Judge Price deserved the courtesy of an appearance and obedience to his court order.

11

CONCLUSION

We reverse the trial court's dismissal of Robert Critchlow's complaint. We remand for entry of judgment in favor of Robert Critchlow against Dex in the sum of $5,000 and for entry of such sanctions, if any, other than dismissal, that the court deems appropriate for Robert Critchlow's violation of the court order to show cause.

Fearing, J.

WE CONCUR:

Siddoway, C.J.

Lawrence-Berrey, J.

12