# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| TAYLOR R. GILBERT, | No.  48270-3-II |
| Appellant, | |
| v. | |
| BRIAN BLYTH and JULIE BLYTH, husband and wife, and MATTHEW BLYTH, | UNPUBLISHED OPINION |
| Respondents. | |

JOHANSON, J. — Taylor R. Gilbert appeals from the entry of an offset against a CR 68 judgment in favor of Gilbert and against Brian, Julie, and Matthew Blyth (the Blyths).  Because the trial court clearly erred when it found that the parties had agreed to offset the judgment, we reverse the offset and remand for further proceedings.  We deny Gilbert's request for appellate attorney fees.

## FACTS

### I.  BACKGROUND FACTS

In July 2011, Matthew Blyth failed to stop his vehicle and collided with another vehicle.  Gilbert, a passenger in Matthew Blyth's vehicle, sued Matthew Blyth and his parents, Brian and Julie Blyth; she requested compensation for medical bills and other damages resulting from the collision.  Gilbert was insured under the Blyths' personal injury protection (PIP) insurance through

Allstate. Allstate paid $35,000, the full amount available under the PIP policy, to Gilbert's medical

providers. After exhausting the Allstate PIP coverage, Gilbert paid her medical expenses either

under USAA PIP coverage or out-of-pocket.

## II. OFFER AND MOTION FOR ENTRY OF JUDGMENT

### A. OFFER OF JUDGMENT

In September 2015, the Blyths sent Gilbert an offer of judgment that stated,

> [The Blyths], pursuant to CR 68, offer[] to allow judgment to be entered against them in this matter for $55,249.00. . . . *This $55,249.00 is inclusive of $35,000 in PIP benefits that have been already paid, thus [the Blyths] offer[] $20,249.00 new money after the offset of the $35,000.00 already paid.* This total amount includes taxable costs and Mahler fees and all other attorney fees incurred to date.
> This Offer of Judgment includes the entire claim of the plaintiff and any and all liens and/or subrogation interests of all parties, persons or entities.

Clerk's Papers (CP) at 36 (emphasis added). When Gilbert sought to clarify the settlement offer's

terms by e-mail,[1] the Blyths responded that the "number to beat at trial" would be $55,249, but

that the offer included a waiver of the $35,000 in PIP that had already been paid. CP at 20. Thus,

Gilbert would receive only $20,249 in "new money." CP at 20.

Gilbert responded that she would be willing to accept judgment for $55,249 with an offset

of $2,405. The Blyths replied that they did not accept the reduced offset counteroffer and that the

original offer for $55,249 with a $35,000 offset remained.

### B. "ACCEPTANCE" AND MOTION FOR ENTRY OF JUDGMENT

Gilbert filed a notice of acceptance that stated,

---

[1] Gilbert explained that she confirmed that the offer of judgment was for $55,249, and not for $20,249, because CR 68 imposes a cost-shifting penalty on plaintiffs who reject an offer of judgment and do not receive a judgment amount greater than the offer amount.

> [Gilbert] accepts [the Blyths'] offer to allow judgment to be entered against them in the amount of $55,249[,] . . . including taxable costs and attorney fees.
>
> *Defendants are not entitled to an offset of the judgment because they have paid no sums to Plaintiff.* Allstate is not a party to this action, and Plaintiff does not agree to enter into an agreement with Allstate regarding disputed issues related to PIP benefits paid by Allstate.

CP at 34 (emphasis added). Gilbert then moved for entry of judgment of $55,249 against the Blyths. She claimed that "[a]ll parties agree that judgment should be entered" for $55,249. CP at 11 (footnote omitted). Gilbert argued that the sole dispute was whether the Blyths were entitled to any offset against the judgment for the amounts Allstate (but not the Blyths) had paid to her medical providers. And Gilbert contended that an offset was inappropriate because there was no showing that she was made whole by the $55,249.[2]

The Blyths responded that although Gilbert had "chosen to accept [the Blyths'] offer of judgment," she sought to avoid having the amounts paid to her medical providers subtracted from that offer. CP at 29. The Blyths argued that Gilbert was made whole because the $55,249 judgment exceeded the $36,678 in medical bills that Gilbert would seek at trial. Gilbert replied that the Blyths were not entitled to an offset and that Allstate had to bring a separate suit to prove it was entitled to an offset. Gilbert claimed that she would assert affirmative defenses in that suit, including that Allstate had violated the Consumer Protection Act (CPA), ch. 19.86 RCW.

### III. ENTRY OF JUDGMENT

In September 2015, the trial court heard argument on Gilbert's motion for entry of judgment. Gilbert maintained that the parties agreed that the judgment should be entered for $55,249 and that the issue was "whether the [Blyths] are entitled to take an offset of $35,000 or

---

[2] Gilbert argued throughout that she was not made whole by $55,249.

not."  Report of Proceedings (RP) at 5.  Gilbert argued also that there was no evidence about whether Gilbert had been made whole.  The Blyths argued that the parties had agreed to judgment for $55,249 that included the offset and thus that the offer of judgment was for only $20,249 new money.

The trial court entered a judgment against the Blyths for $55,249 "including court costs and attorney fees."  CP at 5.  The trial court ordered that the judgment be offset by the $35,000 already paid to Gilbert's medical providers.  In its oral ruling, the trial court stated,

> The question before the Court is the offset, and in looking through the offer of judgment and the acceptance, *the Court does find that there was an agreement that new money would be $20,249,* and that means that there will be an offset of the $35,000 that has been received by the plaintiff.
>     It was clear in your paperwork about your offer and your acceptance that that's what it was about.

RP at 14 (emphasis added).  The trial court did not make any finding about whether Gilbert had been made whole.  Gilbert appeals the offset, and no one appeals the gross judgment.

ANALYSIS

I.  CR 68 OFFER AND ACCEPTANCE

A.  STANDARD OF REVIEW AND LEGAL PRINCIPLES

We review de novo issues involving the construction of CR 68 offers, and we review for clear error disputed factual findings regarding the circumstances under which the defendant made the offer.  *Lietz v. Hansen Law Offices, PSC*, 166 Wn. App. 571, 580, 271 P.3d 899 (2012).  "Normally, the existence of mutual assent or a meeting of the minds is a question of fact."  *Sea-Van Invs. Assocs. v. Hamilton*, 125 Wn.2d 120, 126, 881 P.2d 1035 (1994).

CR 68 creates a procedure for defendants to offer settlement before trial. *Critchlow v. Dex Media W., Inc.*, 192 Wn. App. 710, 717, 368 P.3d 246, *review denied*, 186 Wn.2d 1012 (2016). The rule provides in part,

> [A] party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the defending party's offer, with costs then accrued. If within 10 days . . . the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the court shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

CR 68. The rule's purpose is "to encourage parties to reach settlement agreements and to avoid lengthy litigation." *Critchlow*, 192 Wn. App. at 717.

CR 68 proceedings are contractual in nature. *Hodge v. Dev. Servs. of Am.*, 65 Wn. App. 576, 581-82, 828 P.2d 1175 (1992). Thus, when interpreting a CR 68 offer, we look to the parties' objective manifestations and not to their unexpressed subjective intentions. *Critchlow*, 192 Wn. App. at 717-18.

An "offset" in this context is "a credit to which an insurer is entitled for payments made under one coverage against claims made under another coverage within the same policy." *Winters v. State Farm Mut. Auto. Ins. Co.*, 144 Wn.2d 869, 876, 31 P.3d 1164, 63 P.3d 764 (2001).

## B. NO AGREEMENT AS TO OFFSET

The premise of Gilbert's argument is that she agreed to the entry of the judgment but not to the entry of an offset. Here, the Blyths' offer of judgment was for $55,249 and an offset of "$35,000 in PIP benefits" and thus was for "$20,249.00 new money." CP at 36. Gilbert "accepted" the offer of judgment for $55,249 but rejected the offset. At the entry of judgment hearing, the

trial court entered the agreed judgment for $55,249 and then entered an offset of $35,000. In its oral ruling, the trial court found that the Blyths and Gilbert had agreed to new money of $20,249 and thus had agreed to an offset of $35,000. But Gilbert's "acceptance" explicitly rejected the offset. Thus, the trial court clearly erred when it found that the Blyths and Gilbert agreed to an offset.[3]

## II. ATTORNEY FEES

Gilbert requests an award of her appellate attorney fees under RAP 18.1 and *Olympic Steamship Co. v. Centennial Insurance Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991). We deny her request.

RAP 18.1 provides that a party may recover attorney fees on appeal if, among other requirements, such fees are otherwise allowed by law. Under *Olympic Steamship Co.*, an insured is entitled to an award of attorney fees in any legal action where the insurer compels the insured to assume the burden of legal action to obtain the full benefit of her insurance contract. 117 Wn.2d at 53. But this dispute does not involve a situation in which Allstate has imposed upon Gilbert the cost of honoring its insurance commitment. Thus, we decline to award Gilbert her appellate attorney fees.

---

[3] Gilbert makes five related arguments that the trial court abused its discretion when it entered the offset and requests that we reverse the offset, but not the entry of judgment. In response to Gilbert's various arguments, the Blyths argue that the parties can agree to an offset and that the trial court properly entered an offset pursuant to Gilbert's purported acceptance of the CR 68 judgment including the offset. But the trial court did not consider whether an offset was proper and did not rule on the issues raised here. Instead, the trial court merely concluded, mistakenly, that the parties agreed to an offset. Accordingly, we do not reach the merits of Gilbert's offset arguments, and we remand for proceedings consistent with this opinion.

No. 48270-3-II

We reverse the offset and remand for proceedings consistent with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, J.

We concur:

BJORGEN, C.J.

MELNICK, J.