# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| REBECCA A. RUFIN, an individual | ) | No. 74825-4-I |
| | ) | |
| Appellant, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| CITY OF SEATTLE, a municipality, | ) | PUBLISHED OPINION |
| | ) | |
| Respondent. | ) | FILED: June 26, 2017 |

SPEARMAN, J. — An agency must respond to a Public Records Act (PRA), chapter 42.56 RCW request within five days by providing the records, denying the request, or sending a letter estimating the date of production. Rebecca Rufin challenges the City of Seattle's response to three of her PRA requests, arguing that records were delayed or the search was inadequate. We conclude that with respect to one of those requests, the trial court erred in finding no PRA violation because the City failed to give Rufin a five-day letter with a reasonable estimate of production. We also conclude that the trial court erred in finding that CR 68 offers of judgment do not apply in PRA proceedings. We affirm in all other respects.

## FACTS

Rebecca Rufin worked for Seattle City Light from 1990 to 2006. While there and shortly after leaving, she was involved as a potential witness in an

investigation and in a separate lawsuit related to gender discrimination allegations by other City Light employees.

In August 2011, Rufin applied for a civil and mechanical engineer manager (CME) position with City Light. She was interviewed three times, but not hired. When City Light relisted the CME position in April 2012, Rufin e-mailed Mike Haynes, the director of Power and Production, and asked, "[s]o Mike, is there any point in applying for this? I still don't understand how I failed to measure up with the last lengthy process." CP at 298. Haynes forwarded the e-mail to City Light employees Gary Maehara, DaVonna Johnson, and Steve Kern.

Rufin filed a complaint against City Light and its Director alleging gender discrimination and retaliation for her involvement in the above mentioned investigation and lawsuit. She began making numerous PRA requests to City Light in connection with her retaliation case. Three of her requests, those made on September 28, 2012, March 4, 2014, and March 17, 2014, are at issue in this appeal.

On August 15, 2012, Rufin e-mailed a public disclosure request to Maehara, City Light's Public Disclosure Officer. Rufin requested, among other things, "[a]ll e-mails , attachments to e-mails, written correspondence, and/or notes, to or from any employee or entity at Seattle City Light, dated January 1, 2004 or later, containing the name 'Rufin' or referring to Rebecca (Becky) Rufin." CP at 140. The City's e-mails are automatically deleted after 45 days unless they are saved to an archive folder or a litigation hold is placed on the account. Josh

Walter, who worked on PRA requests, conducted a broad search and found that there were thousands or tens of thousands of responsive records. He did not review all the e-mails, and instead asked Rufin to refine her request. On September 28, 2012, Rufin agreed to narrow the request to the e-mails of Jorge Carrasco, Johnson, Kern, and Haynes that mention her name (September 28, 2012 request). Walter searched the e-mail accounts of these individuals, and provided the responsive documents to Rufin. He did not find, and therefore did not provide, the April 2012 Rufin e-mail that Haynes forwarded to Johnson, Kern, and Maehara.

With her retaliation trial set to begin in April 2014, Rufin made additional requests for documents. On March 4, Rufin requested various payroll records for at least 49 City Light employees (March 4, 2014 request). She wrote that "TIME IS OF THE ESSENCE, as these items may become important exhibits in a trial scheduled for the end of March 2014." CP at 180. Walter acknowledged the request, as well as another that Rufin had sent the day before, and estimated that the first installment of records would be available in 20 days. Walter provided the records on May 8.

On March 17, Rufin made another PRA request for various partial hiring files (March 17, 2014 request). She again indicated that time was of the essence. Walter did not send a five-day letter acknowledging the request and estimating a time for production. But he provided the first installment of records on May 30, 2014, and completed the request on July 30, 2014.

Meanwhile, at trial, Rufin did not have the benefit of the documents she requested on March 4, 2014 and March 17, 2014. She also did not have the forwarded e-mail responsive to her September 28, 2012 request. The City prevailed at trial.

In November 2014, Rufin filed a claim alleging six violations of the PRA. In discovery, Rufin requested e-mails bearing her name that may exist among public disclosure officers. The City produced the forwarded e-mail. It was located in Maehara's e-mail account, which was not searched for the September 28, 2012 request.

In June 2015, the City made Rufin a CR 68 offer of judgment for $40,000 plus reasonable attorney fees for her PRA claims. At that point, Rufin had incurred only $12,966.11 in fees and costs. She did not accept the offer of judgment. The City moved for summary judgment on all six PRA claims and prevailed on two claims that were not appealed. In January 2016, the trial court conducted a bench trial on the remaining four claims. On a CR 41(b)(3) motion, the court dismissed the March 4, 2014 claim. At the close of trial, the court found that the City did not violate the PRA with respect to the September 28, 2012 and March 17, 2014 requests.

Rufin received a judgment for $1,688 for one PRA violation. She requested $168,038.96 in fees and costs, but was awarded $33,229.12. The court declined to shift attorney fees or costs under CR 68, finding that CR 68 does not apply in PRA cases. The court reasoned that

4

> it would undermine the statutory purpose of the PRA to limit Plaintiff's recovery of costs and attorney fees. The purpose of the PRA is to protect the sovereignty of the people of this State. RCW 42.56.020. To assure that the public interest will be fully protected, the PRA is a strongly worded mandate for broad disclosure of public records and should be liberally construed to promote full access to public records, and its exemptions are to be narrowly construed. . . . Application of CR 68 in this context would have a chilling effect on this public policy.

CP at 1763.

Rufin appeals the dismissal of three of her PRA claims arising from the September 28, 2012, March 4, 2014, and March 17, 2014 requests. The City cross-appeals the trial court's finding that CR 68 does not apply to the PRA.

## DISCUSSION

### September 28, 2012 Request

Rufin argues that the search in response to her September 28, 2012 request was not reasonable because it did not follow an "obvious lead" to search Maehara's e-mail account.

When the trial court has weighed the evidence in a bench trial, we review whether the court's findings of fact are supported by substantial evidence and, if so, whether the findings support the conclusions of law. Panorama Vill. Homeowners Ass'n v. Golden Rule Roofing, Inc., 102 Wn. App. 422, 425, 10 P.3d 417 (2000); Zink v. City of Mesa, 140 Wn. App. 328, 337, 166 P.3d 738 (2007). Whether the findings of fact support the conclusions of law is a question of law that we review de novo. Sunnyside Valley Irr. Dist. v. Dickie, 149 Wn.2d 873, 880, 73 P.3d 369 (2003). The City bears the burden to establish that it

5

No. 74825-4-I/6

responded adequately to record requests.[1] Block v. City of Gold Bar, 189 Wn.

App. 262, 270, 355 P.3d 266 (2015) rev. denied, 184 Wn.2d 1037 (2016).

> Government agencies must disclose public records upon request.
>
> The PRA is a strongly worded mandate for broad disclosure of public records. Passed by popular initiative, it stands for the proposition that 'full access to information concerning the conduct of government on every level must be assured as a fundamental and necessary precondition to the sound governance of a free society.' Agencies are required to disclose any public record on request unless it falls within a specific, enumerated exemption.

Neighborhood Alliance of Spokane County v. County of Spokane, 172 Wn.2d

702, 714-15, 261 P.3d 119 (2011) (quoting Progressive Animal Welfare Soc'y v.

Univ. of Wash., 125 Wn.2d 243, 251, 884 P.2d 592 (1994) (citations omitted)). To

adequately disclose documents, the agency must conduct an adequate search

for records.

> [T]he focus of the inquiry is not whether responsive documents do in fact exist, but whether the search itself was adequate. The adequacy of a search is judged by a standard of reasonableness, that is, **the search must be reasonably calculated to uncover all relevant documents**. What will be considered reasonable will depend on the facts of each case. When examining the circumstances of a case, then, **the issue of whether the search was reasonably calculated and therefore adequate is separate from whether additional responsive documents exist but are not found.**

---

[1] In their appellate briefs, the City and Rufin each argue that the other bore the burden of proof at trial. But neither party clearly presented this issue to the trial court to rule on, and the trial court did not make such a ruling. In addition, the appellant does not assign error to a decision on the burden of proof. It does appear that the burden of proof is on the City in a trial for PRA violations. RCW 42.56.550; Block, 189 Wn. App. at 270. It also appears that the trial court may have placed the burden on Rufin. But, even if a trial court errs in its ruling on the burden of proof, its judgment may be sustained if it is supported by the record. Curtiss v. Young Men's Christian Ass'n of Lower Columbia Basin, 82 Wn.2d 455, 465, 511 P.2d 991 (1973). We conclude that to the extent that the trial court did err in placing the burden on Rufin, the error is harmless. We have reviewed all the evidence, and it clearly establishes that there were no PRA violations except where indicated otherwise herein.

> Additionally, agencies are required to make more than a perfunctory search and to follow obvious leads as they are uncovered. The search should not be limited to one or more places if there are additional sources for the information requested. Indeed, 'the agency cannot limit its search to only one record system if there are others that are likely to turn up the information requested.' **This is not to say, of course, that an agency must search every possible place a record may conceivably be stored, but only those places where it is reasonably likely to be found.**

Id. at 719-20 (quoting Oglesby v. U.S. Dep't of Army, 287 U.S. App. D.C. 126, 920 F.2d 57, 68 (D.C. Cir. 1990) (emphasis added) (citations omitted)).

Rufin's September 28, 2012 request asked for "all e-mails by or between Davonna [sic] Johnson, Jorge Carrasco, Steve Kern, Mike Haynes, and/or any individual in the Law Department that mention my name or the [CME] manager hiring process." CP at 151. Rufin sent this request to Walter, who then searched the e-mail accounts of Johnson, Carrasco, Kern, and Haynes. Walter did not search Maehara's e-mails (where the forwarded Rufin e-mail was eventually found in discovery) because he was not among the individuals listed, nor was he in the Law Department. This search was reasonably calculated to uncover any e-mails by Johnson, Carrasco, Kern, or Haynes, which were the subject of the September 28, 2012 request.

Rufin argues that the trial court erred in concluding that the search was adequate. She contends that because Maehara received the original August 15, 2012 request, and the forwarded Rufin e-mail in April 2012, he should have known that his account was an obvious lead that must be searched

under Neighborhood Alliance. But Rufin failed to present any evidence that Maehara remembered, or even saw, the e-mail in question. Maehara's account was not a place reasonably likely to find e-mails by or between Johnson, Kern, Carrasco, Haynes, and/or the Law Department.

To determine whether a search is reasonable, we focus not on whether a document exists that is responsive to the request, but on the nature of the search process. We conclude that the trial court did not err in finding that the City conducted a reasonable search in response to the September 28, 2012 request.

March 4, 2014 Request

Rufin argues that the trial court erred in finding that City Light responded to her March 4, 2014 request in reasonable time. She contends that the court should have considered whether City Light acted diligently to meet their self-imposed deadline, rather than looking only at its diligence after the deadline.

If the trial court dismisses a claim as a matter of law on a CR 41(b)(3) motion to dismiss, we review de novo whether the plaintiff presented a prima facie case, viewing the evidence in the light most favorable to the plaintiff. In re Dependency of Schermer, 161 Wn.2d 927, 939-40, 169 P.3d 452 (2007). An agency must respond to a request for public records within five business days by providing the records, denying the request, or providing a reasonable timeframe within which to respond to the request. RCW 42.56.520. An agency need not meet its estimated time of responding to a PRA request so long as it responds with "reasonable thoroughness and diligence." Andrews v. Wash. State Patrol,

183 Wn. App. 644, 653, 334 P.3d 94 (2014). Whether an agency responded diligently to a PRA request is a fact-specific inquiry decided on a case by case basis. Id.

Rufin asked for various City Light payroll records in her March 4, 2014 request. She had made another PRA request the day before. On March 7, Walter acknowledged the March 4 request and estimated that he would provide the records within 20 days. He contacted Human Resources on March 21, requesting that payroll start pulling records to fulfill the request. Human Resources provided the records on April 8. Walter completed review and gave them to Rufin 65 days after her request.

Rufin contends that Walter's dilatory request for payroll records violated the PRA. But during this time, Walter was also working on two other requests by Rufin. Walter testified that he put the request "in the queue along with any other requests that I was receiving at the time." Verbatim Report of Proceedings (VRP) at 128. He testified that at the time, he was also working on a number of other requests, one of which was very complex. Under these circumstances, producing records within 65 days is not unreasonable. While Rufin is correct that the trial court should have included the period before Walter's self-imposed deadline in its diligence analysis, we review de novo whether there is prima facie evidence of a violation and conclude that the trial court did not err in this regard. The City responded diligently to Rufin's March 4, 2014 request.

March 17, 2014 Request

Rufin argues that the trial court erred in concluding that the City responded to her March 17, 2014 request in a reasonable amount of time because she did not get documents before her trial. She also points out that RCW 42.56.520 requires a response from the agency within five days, and the City did not provide such a five-day response. The City contends that Rufin waived the five-day response argument. But we find that Rufin briefed the issue sufficiently to allow the City the opportunity to respond.

An agency must respond promptly to a public records request.

> Within five business days of receiving a public record request, an agency ... must respond by either (1) providing the record; (2) providing an internet address and link on the agency's web site to the specific records requested...; (3) acknowledging that the agency ... has received the request and providing a reasonable estimate of the time the agency ... will require to respond to the request; or (4) denying the public record request."

RCW 42.56.520. The trial court found, and substantial evidence supports, that the City did not comply with this provision because it did not provide records, deny the request, or acknowledge the request with a time estimate within five days. Given this finding of fact, the trial court's conclusion of no PRA violation does not flow. The City's failure to provide a response under RCW 42.56.520 violates the PRA.

In spite of this violation, the record supports the trial court's conclusion that the City produced the documents within a reasonable amount of time. The trial court found that the City provided the records 74 days after the request,

while also fielding Rufin's March 4 request. It also found that to fully satisfy her request, the City was required to find records in storage and to conduct additional inquiries through the Human Resources Department.[2] It is true that the records were produced after Rufin's trial, and that the City was aware of her trial date. But a "delayed response by the agency, especially in circumstances making time of the essence" is an aggravating factor in the penalty phase, after a violation of the PRA is established. Yousoufian v. Office of Ron Sims, 168 Wn.2d 444, 467, 229 P.3d 735 (2010). The trial court did not err in concluding that the City's response to the March 17, 2014 request was reasonable.

RCW 42.56.550(4) authorizes a penalty for the denial of the right to inspect or copy a public record, but does not authorize a freestanding penalty for lack of a five-day letter. Sanders v. State, 169 Wn.2d 827, 860, 240 P.3d 120 (2010). Therefore, there was no error as to imposition of a penalty. But we nevertheless remand the case for recalculation of attorney fees, as Rufin is entitled to fees for the March 17, 2014 request.

CR 68 Offer of Judgment

On cross appeal, the City argues that the trial court erred in ruling that CR 68 offers of judgment do not apply to the PRA.

A trial court's interpretation of a statute is a question of law that we review de novo. In re Det. of Williams, 147 Wn.2d 476, 486, 55 P.3d 597 (2002)

---

[2] This finding of fact is set out in the trial court's conclusions of law. But we review a finding of fact erroneously labeled as a conclusion of law as a finding of fact. Scott's Excavating Vancouver, LLC v. Winlock Properties, LLC, 176 Wn. App. 335, 342, 308 P.3d 791 (2013) (citing Willener v. Sweeting, 107 Wn.2d 388, 394, 730 P.2d 45 (1986)).

(citing <u>Western Telepage, Inc. v. City of Tacoma Dep't of Fin.</u>, 140 Wn.2d 599, 998 P.2d 884 (2000)).

CR 68 is a means by which litigating parties may settle and have judgment entered on a pending claim.

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the defending party's offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the court shall enter judgment.

CR 68. "If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer." <u>Id.</u> This provides a tactical advantage intended to encourage settlement.

The civil rules "govern the procedure in the superior court in all suits of a civil nature" except "where inconsistent with rules or statutes applicable to special proceedings. . . ." CR 1; CR 81(a). An action under the PRA is not a special proceeding. <u>Spokane Research & Def. Fund v. City of Spokane</u>, 155 Wn.2d 89, 104, 117 P.3d 1117 (2005). Courts consistently apply the civil rules to PRA proceedings. <u>Id.</u> at 105 ("normal civil procedures are an appropriate method to prosecute a claim under the liberally construed PDA."); <u>Neighborhood Alliance</u>, 172 Wn.2d at 716 ("the civil rules control discovery in a PRA action."); <u>John Doe G v. Dep't of Corr.</u>, 197 Wn. App. 609, 391 P.3d 496, 506 (2017), <u>petition for rev. granted</u>, __ Wn.2d. __, 397 P.3d 1009 (2017) ("the normal civil rules apply to

PRA proceedings. Thus, the rule governing class certification, CR 23, controls here."). Because caselaw clearly establishes that an action under the PRA is not a special proceeding, the civil rules apply.

Rufin argues, however, that CR 68 is inapplicable to the PRA because the statute's attorney fee provision mandates an award of costs and reasonable attorney fees to a prevailing person. That provision states:

> [a]ny person who prevails against an agency in any action in the courts seeking the right to inspect or copy any public record or the right to receive a response to a public record request within a reasonable amount of time shall be awarded all costs, including reasonable attorney fees, incurred in connection with such legal action.

RCW 42.56.550(4). Rufin argues that CR 68 conflicts with this fee provision because it would require a plaintiff to bear her own fees and costs incurred after rejecting an offer of judgment if she did not achieve a more favorable result at trial. The vital public policy of the PRA is to promote access to public records. Am. Civil Liberties Union of Wash. v. Blaine Sch. Dist. No. 503, 95 Wn. App. 106, 115, 975 P.2d 536 (1999). To that end, the PRA "provides for a more liberal recovery of costs . . ." Id. But liberal recovery is not unlimited, as has been made clear by recent cases affirming significant reductions of PRA fee awards. See Sanders, 169 Wn.2d at 865-68; Cedar Grove Composting, Inc. v. City of Marysville, 188 Wn. App. 695, 731, 354 P.3d 249 (2015). Costs and attorney fees are subject to a reasonableness requirement. ACLU, 95 Wn. App. at 117; Cedar Grove, 188 Wn. App. at 729.

13

Applying CR 68 to the PRA is a reflection of this reasonableness requirement: if a plaintiff fails to improve her position at trial, the costs and attorney fees associated with the additional litigation are not reasonable, and may be limited pursuant to CR 68. The reasonableness requirement inherent in CR 68 is not in conflict with the PRA provision that the prevailing party "shall be awarded all costs, including reasonable attorney fees, incurred in connection with such legal action." RCW 42.56.550(4).

In addition, Rufin fails to distinguish the language in the PRA attorney fee provision from similar statutes that are subject to CR 68 and provide for attorney fees to the prevailing plaintiff. The Washington Law Against Discrimination (WLAD), chapter 46.60 RCW, employs similar mandatory language regarding imposition of attorney fees, and CR 68 has been applied to such disputes.[3] Minger v. Reinhard Distrib. Co., 87 Wn. App. 941, 947, 943 P.2d 400 (1997); Lietz v. Hansen Law Offices, P.S.C., 166 Wn. App. 571, 584, 271 P.3d 899 (2012).

Rufin also argues that the trial court correctly reasoned that applying CR 68 would have a chilling effect on actions to access public records. The City argues that CR 68 is good public policy because it promotes the settlement of PRA disputes. In spite of concerns about a chilling effect on litigation brought in

---

[3] The WLAD states: "Any person deeming himself or herself injured by any act in violation of this chapter shall have a civil action in a court of competent jurisdiction to enjoin further violations, or to recover the actual damages sustained by the person, or both, together with the cost of suit including reasonable attorneys' fees or any other appropriate remedy authorized by this chapter. . . ." RCW 49.60.030(2).

the public interest, courts have nevertheless applied CR 68 to other remedial statutes such as the Consumer Protection Act, chapter 19.86 RCW, and the WLAD. Critchlow v. Dex Media West, Inc., 192 Wn. App. 710, 368 P.3d 246, rev. denied, 186 Wn.2d 1012 (2016) (CPA); Johnson v. State, Dep't of Transp., 177 Wn. App. 684, 313 P.3d 1197 (2013) (WLAD). The public policy goal of encouraging settlement of lawsuits is equally applicable to the disputes under the PRA.

Rufin argues that CR 68 would discourage an individual from bringing a claim for a PRA violation that does not support a freestanding penalty because in such a case, a plaintiff can be a prevailing party but not improve her financial position at trial. This may be so, but CR 68 is nonetheless an appropriate tool for resolving such violations of the PRA. It does not discourage a citizen from bringing an enforcement action. It promotes reasonable, prompt, and proportional resolution of PRA violations.

We reverse the trial court's finding that CR 68 does not apply to actions under the PRA.

Attorney Fees

Rufin requests attorney fees on appeal under RCW 42.56.550(4), which provides that attorney fees and costs be awarded for "[a]ny person who prevails against an agency in any action in the courts seeking the right to inspect or copy any public record or the right to receive a response to a public record request

15

within a reasonable amount of time." Rufin prevails on appeal and therefore is awarded her reasonable attorney fees.

Reversed and remanded for further proceedings consistent with this opinion.

WE CONCUR:

_Spearman, J._

_Trickey, J._          _Becker, J._