# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| VISION LANDSCAPES, LLC, a Washington Limited Liability Company,<br><br>    Appellant,<br><br>    v.<br><br>RON E. AMUNDSON, and EDEL AMUNDSON, Individually and the Marital Community Thereof, and CITY OF BELLEVUE,<br><br>    Respondents. | No. 86113-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

FELDMAN, J. — Vision Landscapes, LLC appeals the trial court's order granting its motion for attorney fees (the "fee order") under the mechanics' and materialmen's lien statute, chapter 60.04 RCW. Specifically, it contends the trial court abused its discretion by awarding approximately 50 percent of the amount requested. We affirm in part, vacate in part, and remand for the trial court to further explain its award consistent with this opinion.

I

Vision Landscapes provided landscaping services to Ron and Edel Amundson at their property in Medina, Washington. The Amundsons disputed the amount charged and did not pay the final invoice for the services. Unable to

resolve the dispute, Vision Landscapes recorded a claim of lien against the Amundsons' property followed by a complaint asserting claims for breach of contract, foreclosure on the lien, and unjust enrichment.

The parties subsequently engaged in substantial motion practice. Relevant here, the trial court dismissed on summary judgment Vision Landscapes' breach of contract claim and its lien claim against the Amundsons personally. The court also determined that Vision Landscapes had provided landscaping services regarding one portion of the Amundsons' property—"Parcel B"—and had not provided such services regarding another portion—"Parcel A"—and therefore dismissed its lien foreclosure claim as to the latter. In addition to granting these summary judgment motions, the court granted the Amundsons' motion for a protective order despite Vision Landscapes' opposition.

The Amundsons ultimately resolved the matter by submitting to Vision Landscapes an offer of judgment under CR 68, which Vision Landscapes accepted. The trial court then entered a final judgment of $30,000 in favor of Vision Landscapes in accordance with the parties' agreement. Having thus prevailed in the litigation, Vision Landscapes filed a motion for an award of attorney fees totaling over $114,000. Following various reductions, the court awarded fees totaling approximately $59,000. Vision Landscapes appeals.

II

A

"Under Washington law, a trial court may grant attorney fees only if the request is based on a statute, a contract, or a recognized ground in equity."

*Gander v. Yeager*, 167 Wn. App. 638, 645, 282 P.3d 1100 (2012). Here, Vision Landscapes requested fees under two statutes. The first, RCW 60.04.181(3), states:

> The court may allow the prevailing party in the action, whether plaintiff or defendant, as part of the costs of the action, the moneys paid for recording the claim of lien, costs of title report, bond costs, and attorneys' fees and necessary expenses incurred by the attorney in the superior court [and the] court of appeals . . . as the court . . . deems reasonable.

The second, RCW 60.04.081(4), states:

> If, following a hearing on the matter . . . the court determines that the lien is not frivolous and was made with reasonable cause, and is not clearly excessive, the court shall issue an order so stating and awarding costs and reasonable attorneys' fees to the lien claimant to be paid by the applicant.

Where fees are recoverable, as here, we review the amount of the award for abuse of discretion. *Chuong Van Pham v. Seattle City Light*, 159 Wn.2d 527, 539-40, 151 P.3d 976 (2007). "A trial court abuses its discretion when it exercises discretion on untenable grounds or for untenable reasons." *Ewing v. Glogowski*, 198 Wn. App. 515, 521, 394 P.3d 418 (2017).

B

Before we can address Vision Landscapes' arguments, we must determine the proper scope of our review. The trial court reduced the amount of fees awarded to Vision Landscapes, in large part, because some of the attorneys' time was spent on unsuccessful claims and issues, such as Vision Landscapes' dismissed breach of contract claim, its unsuccessful opposition to the Amundsons' motion for a protective order, and its dismissed lien claim as to the Amundsons personally and Parcel A. Vision Landscapes seeks to challenge these adverse rulings in order to

show that the trial court erred in determining the amount of attorney fees. The Amundsons argue Vision Landscapes cannot properly challenge the rulings after having accepted the offer of judgment. We agree with the Amundsons.

While no Washington cases directly address the appealability of issues following acceptance of an offer of judgment under Civil Rule 68, we addressed the appealability of issues following judgment by consent decree in *Washington Asphalt Co. v. Harold Kaeser Co.*, 51 Wash.2d 89, 316 P.2d 126 (1957). In *Washington Asphalt*, we held:

> a judgment by consent or stipulation of the parties is construed as a contract between them embodying the terms of the judgment. It excuses all prior errors and operates to end all controversy between the parties, within the scope of the judgment. In the absence of fraud, mistake, or want of jurisdiction, a judgment by consent will not be reviewed on appeal.

*Id.* at 91. Applying the holding in *Washington Asphalt* here, Vision Landscapes' acceptance of the Amundsons' offer of judgment under CR 68 ends the controversy between the parties within the scope of the judgment.

Because CR 68 is virtually identical to its federal counterpart, we may turn to federal law to assist in our analysis of this issue.[1] Interpreting Federal Rule of Civil Procedure 68 in similar circumstances, the Eleventh Circuit Court of Appeals held, "appellant's consent to an entry of judgment, given without reservation of a right to appeal, bars a subsequent appeal of the order." *Shores v. Sklar*, 885 F.2d

---

[1] *See Johnson v. Dep't of Transp.*, 177 Wn. App. 684, 697, 313 P.3d 1197 (2013) (holding that federal law is informative for construing CR 68 offers of judgment); *Lietz v. Hansen Law Offices, P.S.C.*, 166 Wn. App. 571, 580, 271 P.3d 899 (2012) ("[I]n the absence of state authority, Washington courts look to federal interpretation of the equivalent rule."); *Critchlow v. Dex Media W., Inc.*, 192 Wn. App. 710, 718, 368 P.3d 246 (2016) ("Washington's CR 68 is virtually identical to Federal Rule of Civil Procedure 68.").

760, 762 (11th Cir. 1989). A leading treatise similarly states that a Rule 68 offer "may reserve the right of a party to appeal from the court's prejudgment rulings, but unless that right is reserved no appeal may be taken." 12 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3005 (3d ed. 2014). These authorities are consistent with Washington law, which recognizes that "CR 68 clearly is intended to encourage settlements and avoid lengthy litigation." *Dussault v. Seattle Pub. Schs.*, 69 Wn. App. 728, 732, 850 P.2d 581 (1993).

Vision Landscapes accepted the Amundsons' offer of judgment without reserving the right to appeal from the trial court's previous rulings. Because the right to appeal was not reserved, Vision Landscapes cannot properly seek appellate review of those rulings.

C

Having concluded Vision Landscapes cannot seek appellate review of the trial court's rulings preceding acceptance of the offer of judgment, we turn to its arguments regarding the trial court's award of attorney fees. With one exception, detailed below, we are unable to review the challenged rulings because the fee order does not include sufficient findings and conclusions to permit appellate review, as required by controlling precedent. We therefore remand for the trial court to further explain its award of attorney fees consistent with this opinion.

1

When a statute authorizes an award of reasonable attorney fees, as both statutes at issue here do, "[a] determination of reasonable attorney fees begins

with a calculation of the 'lodestar,' which is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Berryman v. Metcalf*, 177 Wn. App. 644, 660, 312 P.3d 745 (2013). Then, "The court must limit the lodestar to hours reasonably expended, and should therefore discount hours spent on unsuccessful claims, duplicated effort, or otherwise unproductive time." *Bowers v. Transamerica Title Ins. Co.*, 100 Wn.2d 581, 597, 675 P.2d 193 (1983). In performing this analysis, a trial court must support its fee award by entering findings of fact and conclusions of law. *Berryman*, 177 Wn. App. at 658. "[T]o facilitate review, the findings must do more than give lip service to the word reasonable . . . . The findings must show how the court resolved disputed issues of fact and the conclusions must explain the court's analysis." *Id*. (internal quotation marks omitted).

Washington law is equally clear "that the absence of an adequate record upon which to review a fee award will result in a remand of the award to the trial court to develop such a record." *Mahler v. Szucs,* 135 Wn.2d 398, 435, 957 P.2d 632 (1998). Where the trial court has not provided sufficient analysis to permit meaningful appellate review, remand is the appropriate remedy. *Brand v. Dep't of Labor & Indus.*, 139 Wn.2d 659, 675, 989 P.2d 1111 (1999). Also relevant here, "An award of substantially less than the amount requested should indicate at least approximately how the court arrived at the final numbers, and explain why discounts were applied." *Absher Constr. Co. v. Kent Sch. Dist. No. 415*, 79 Wn. App. 841, 848, 917 P.2d 1086 (1995).

*Bright v. Frank Russell Investments*, 191 Wn. App. 73, 361 P.3d 245 (2015), is instructive. Bright, the plaintiff, prevailed on her failure to accommodate claim but not her unlawful retaliation claim. Although she did not wholly succeed, we held the fee award "should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." *Id.* at 80 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 435, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)). Adopting the U.S. Supreme Court's analysis in *Hensley*, we acknowledged in some cases:

> the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the [trial] court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.

*Id*. at 79–80 (quoting *Hensley*, 461 U.S. at 435). Important here, the trial court in *Bright* explained why segregation of time between the successful and unsuccessful claims was not required under the circumstances of the case, noting: "I think that this [case] is clearly from a common core of facts. I don't think these were discrete severable claims that were unrelated in that nature under the *Hensley* case. I think that these are related legal theories." *Id*. Because the trial court sufficiently explained its reasoning and did not otherwise abuse its discretion in determining the amount of the award, we upheld the resulting fee award.

Augmenting the above methodology—which requires trial courts to scrutinize a party's claims and requested attorney fees—our Supreme Court has also sanctioned the use of percentages to reduce the amount of fees awarded where, as here, there is a mix of successful and unsuccessful claims and

arguments. In *Clausen v. Icicle Seafoods, Inc.*, 174 Wn.2d 70, 272 P.3d 827 (2012), the Court upheld a 10 percent reduction in attorney fees and costs following the lodestar calculation because the trial court estimated that only 90 percent of the attorneys' time was devoted to the fee-related claim. *Id.* at 81-82. The trial court recognized those issues were "present from the beginning of the case and that 12 out of 14 witnesses testified about those issues." *Id.* Rejecting the argument that this was an improper reduction, the Supreme Court stated, "[a]ppellate courts . . . have permitted the use of a percentage reduction in segregating fees and costs when . . . the specifics of the case make segregating actual hours difficult." *Id.* at 82.

In support of its holding, the Court in *Clausen* cited with approval two out-of-state cases that similarly applied a percentage reduction to a prevailing party's request for an award of attorney fees. The Court summarized the first case— *Deisler v. McCormack Aggregates Co.*, 54 F.3d 1074, 1087 (3rd Cir.1995)—as "recognizing the difficulty in segregating hours and holding the use of 10 percent reduction to calculate fees and costs not an abuse of discretion." It summarized the second case—*Peake v. Chevron Shipping Co.*, No. C00–4228 MHP, 2004 WL 1781008, 2004 A.M.C. 2778, 2791 (N.D.Cal. Aug.10, 2004) (unpublished)—as a situation in which an "'overlap' in claims warranted a 20 percent reduction." 174 Wn.2d at 82. As our Supreme Court's discussion in *Clausen* establishes, courts in Washington can properly utilize a percentage reduction in segregating fees so long as there are sufficient findings and conclusions to explain the court's analysis.

2

With one exception, noted below, the fee order in this case lacks sufficient findings and analysis to permit appellate review of Vision Landscapes' arguments regarding the trial court's lodestar analysis.

Vision Landscapes argues the trial court abused its discretion by reducing the amount of fees awarded for time associated with its dismissed breach of contract claim. The trial court addressed that issue as part of its analysis of the Amundsons' first summary judgment motion (which included the breach of contract claim) as follows:

> [T]he Court finds, based on the table in Defendants' Response to Plaintiff's Motion and/or Defendants' Motion, that Plaintiff Vision Landscapes, LLC only prevailed on one of the three issues raised by the Amundsons' first motion for partial summary judgment. The Court reduces Plaintiff's attorney's costs and fees associated with the Amundsons' first motion for partial summary judgment by two-thirds (2/3rds).

The referenced table, as the trial court noted, identifies the three issues raised by the Amundsons' summary judgment motion and indicates the Amundsons prevailed on two of the three issues.[2]

Much the same is true with regard to Vision Landscapes' argument that the trial court abused its discretion in reducing the fee award based on dismissal of the lien foreclosure claims against the Amundsons personally and Parcel A. The trial

---

[2] The referenced table indicates:

| Motion (fees expended) | Issue | Prevailing Party |
|---|---|---|
| First Summary Judgment (11,945.47) | Dismiss contract claim | Amundsons |
| | Remove Parcel A lien | Amundsons |
| | Find Parcel A lien frivolous | Plaintiff |

court addressed these issues as part of its analysis of the Amundsons' second summary judgment motion (which included these claims) as follows:

> The Court finds, based on the table in Defendants' Response to Plaintiff's Motion and/or Defendants' Motion, that Plaintiff Vision Landscapes, LLC only prevailed on one of the three issues raised by the Amundsons' second motion for partial summary judgment. The Court reduces Plaintiff's total requested attorney's costs and fees associated with the Amundsons' second motion for partial summary judgment by two-thirds (2/3rds). The Court finds that . . . $23,387.50 of Plaintiff's total request for attorney's costs and fees [is reduced by] . . . $15,592.00.

Here too, the referenced table, as the trial court noted, identifies the three issues raised by the Amundsons' summary judgment motion and indicates the Amundsons prevailed on two of the three issues.[3]

Critical here, there are no findings or analysis in the fee order regarding whether the relevant claims and issues are legally or factually distinct such that fees may properly be reduced based on unsuccessful claims, duplicated effort, or otherwise unproductive time. And while trial courts have discretion to reduce attorney fees on a percentage basis, as the trial court did here, the court did not explain—as it must—why it reduced the requested fees by two-thirds other than to reference a table showing a total of three claims associated with each summary judgment motion. There is no explanation or analysis as to the relative complexity

---

[3] The referenced table indicates:

| Motion (fees expended) | Issue | Prevailing Party |
|---|---|---|
| Second Summary Judgment ($23,387.50) | Remove Parcel A lien | Amundsons |
| | Dismiss Amundsons from lien claim | Amundsons |
| | Dismiss time-barred Parcel B lien | Plaintiff – subject to reconsideration |

- 10 -

or significance of the claims so as to merit a one-third share of the associated attorney fees for each. Because there is an insufficient basis for review, remand is an appropriate remedy.

Our holding regarding fees associated with the two summary judgment motions applies equally to Vision Landscapes' argument that the trial court also abused its discretion by reducing the remaining amount of its requested fees by an additional 25 percent. Addressing this issue, the fee order states:

> [A] significant amount of Plaintiff Vision Landscapes, LLC's time was devoted to Parcel A, Plaintiff's opposition to the Substitution of Harco, Plaintiff's opposition to dismissal of its breach of contract claim, and opposition to the dismissal of the Amundsons from Plaintiff's lien foreclosure claim. The Court further reduces Plaintiff's remaining amount of total requested attorney's costs and fees, Seventy-Eight Thousand, Six Hundred Thirty-Eight Dollars and Forty-Two Cents ($78,638.42), by an additional Twenty-Five Percent (25%), which equals Nineteen Thousand, Six Hundred Fifty-Nine Dollars and Sixty-One Cents ($19,659.61).

While the court indicates a significant amount of time was devoted to several claims or issues on which Vision Landscapes did not prevail, there is no analysis of the significance of those claims. Nor does the fee order explain why an across-the-board 25 percent reduction of the remaining fees is appropriate or how the court arrived at that percentage. Remand on this issue is likewise warranted.

Vision Landscapes also argues the trial court abused its discretion in failing to explicitly award attorney fees associated with the Amundsons' claim under the frivolous lien statute, RCW 60.04.081(4). The frivolous lien claim was litigated as part of the Amundsons' first motion for summary judgment. The trial court's ruling regarding fees associated with that motion and the table referenced in the court's ruling are discussed on page 9 above. The fee order does not cite or discuss the

frivolous lien statute nor does it explain how the court determined that fees associated with the first summary judgment motion, including fees relating to the frivolous lien determination on which Vision Landscapes prevailed, should be divided equally into thirds. Because the trial court did not provide an adequate record to permit appellate review, we remand for findings and conclusions associated with Vision Landscapes' request that it also be awarded fees under RCW 60.04.081(4) as the prevailing party on the frivolous lien issue.

Lastly, in contrast to the above issues, the record is sufficient to review Vision Landscapes' argument that the trial court abused its discretion by reducing the fee award based on Vision Landscapes' unsuccessful opposition to the Amundsons' motion for a protective order. Addressing that issue, the fee order states:

> Vision Landscapes, LLC's request for attorney's costs and fees incurred in connection with the Amundsons' motion for protective order is stricken. The Court reduces Plaintiff's total requested attorney's costs and fees equal to the amount of the costs and fees incurred in connection with contesting the Amundsons' motion for protective order in the amount of . . . $2,852.00.

Trial courts may properly subtract fees associated with "unsuccessful claims, duplicated effort, or otherwise unproductive time." *Bowers*, 100 Wn.2d at 597. Vision Landscapes did not prevail on this issue, and the trial court did not abuse its discretion in subtracting the associated fees, which the court determined, based on the Amundsons' corresponding analysis, total $2,852.

III

Both parties argue they are entitled to attorney fees on appeal under RCW 60.04.181(3) and RAP 18.1. This court has repeatedly held "'[w]here both parties

- 12 -

prevail on major issues, neither is entitled to attorney fees.'"  *Chiu v. Hoskins*, 27 Wn. App. 2d 887, 903, 534 P.3d 412 (2023) (quoting *Sardam v. Morford*, 51 Wn. App. 908, 911, 756 P.2d 174 (1988)).  Here, as in *Chiu*, both parties have prevailed on major issues, so neither is entitled to recover prevailing party attorney fees on appeal.

     Affirmed in part, vacated in part, and remanded.

_Feldman, J._

WE CONCUR:

_Coburn, J._          _Mann, J._